UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W BARTON,<br><br>               Plaintiff,<br>    v.<br><br>LEADPOINT INC, RELIANCE FIRST CAPITAL LLC, GLOBAL EQUITY FINANCE INC, NATIONWIDE MUTUAL INSURANCE COMPANY, LOANDEPOT.COM LLC,<br><br>               Defendants. | Case No. C21-5372 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: NOVEMBER 17, 2021 |

This matter comes before the Court on the following motions: (1) Defendants LeadPoint, Inc. ("LeadPoint"), Reliance First Capital LLC and LoanDepots.com LLC's ("loanDepot") motion to dismiss the original complaint (Dkt. 13 and Dkt. 16); (2) Plaintiff's motion to dismiss defendant Nationwide Mutual Insurance Company ("Nationwide") under Rule 41(a)(2) (Dkt. 26); and (3) Defendant loanDepot's motion to dismiss and strike (Dkt. 34) Plaintiff's proposed first amended complaint (Dkt. 31-1) under Rule 12(b)(6) as well as Defendants LeadPoint and Reliance First Capital, LLC's (collectively, "Defendants") joint motion to dismiss and strike Plaintiff's proposed first amended complaint under Rule 12(b)(6) (Dkt. 33). Plaintiff has also filed a motion to amend the complaint. Dkt. 31, and 31-1.

For the reasons set forth below, the undersigned recommends that the Court should DENY Defendants LeadPoint, Reliance First Capital LLC and LoanDepot's first

REPORT AND RECOMMENDATION - 1

1  motions -- (Dkt. 13 and Dkt. 16) to dismiss the original complaint -- as moot; GRANT

2  plaintiff's motion to amend the complaint (Dkt. 31 and 31-1), GRANT Plaintiff's motion to

3  dismiss Nationwide under Rule 41(a)(2); and GRANT Defendants' motions to dismiss

4  Plaintiff's first amended complaint under Rule 12(b)(6). This Court should also DISMISS

5  Plaintiff's claims against the remaining Defendants with prejudice -- on the Court's own

6  motion – under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

I.     ANALYSIS

Plaintiff's motion to amend (Dkt. 31, and 31-1) should be granted; the first amended complaint is the operative complaint.

Plaintiff filed a motion to amend his complaint. Dkt. 31. As a matter of course, a party may amend its pleading once within 21 days of serving it, or if it is a pleading that requires a response, within 21 days after service of the response. Fed. R. Civ. P. 15(a)(1). The defendants have not objected to the filing of the proposed amended complaint; but the defendants have moved to dismiss the original, and the amended complaints. The undersigned recommends that the original complaint and motions to dismiss that complaint (Dkt. 13 and Dkt. 16) are moot, because of the plaintiff's submission of an amended complaint.

Regarding the amended complaint, the deadline to file an answer has not yet passed, and no answer has been filed. Because no responsive pleading has been filed, plaintiff is entitled to amend his complaint as a matter of course. The Court should therefore GRANT plaintiff's motion to amend the complaint (Dkt. 31, and Dkt. 31-1).

In the first amended complaint, plaintiff pursues federal and state consumer protection claims against Defendants arising out of a text message he received on

March 2, 2021 and subsequent alleged solicitations from Defendants. Specifically, Plaintiff alleges that on March 2, 2021, he received a text message from an unknown number regarding mortgage-related services. Dkt. 31-1 at 4:6-11. The text stated "TxtSTOPtoEnd" at its conclusion. *Id.* Plaintiff alleges that rather than responding "STOP" to "end" communications, he "clicked on the link and was taken to webpage *homeequityquiz.com*." *Id.* at 4:14-15. He alleges that he clicked on the link and answered the questions on the webpage to "reveal the entity behind the solicitation." *Id.* at 4:18-21.

After answering the questions, Plaintiff states that he received calls and text messages between March 2 and April 20. *Id.* at 5:18-6:3, 6:5-14, 6:16-21, 6:21-7:1. He alleges that his cell phone number "has been registered on the Federal Trade Commission national do-not-call registry…[for] more than 31 days prior to March 2, 2021." *Id.* at 3:18-20. Plaintiff states that he "eventually noticed" on the webpage that HomeEquityQuiz was owned by defendant LeadPoint Inc. *Id.* at 4:18-22. Plaintiff alleges that he received these calls and text messages "as a residential telephone subscriber." Specifically, he obtained this phone and phone number to use in his individual capacity for non-commercial judicial branch advocacy…." *Id.* at 3:22-4:1.

Plaintiff claims that on March 7, 2021, he texted LeadPoint and asked to be added to their "do-not-call list," stating: "I do not wish to receive any sales or marketing calls or text messages or voicemails from you or your clients or your customers or your affiliates or your partners." Dkt. 31-1 at 8:14-21.

Plaintiff claims that Defendants violated the Telephone Consumer Protection Act ("TCPA"), the Washington Automatic Dialing and Announcing Device Act ("WADAD")

and the Washington State Unfair Business Practices Act (also known as the Washington Consumer Protection Act ("WCPA")). Dkt. 1-1.

Plaintiff now pursues seven causes of action and asked for punitive damages and attorney's fees[1]. Five claims are brought under state law -- Washington Automatic Dialing and Announcing Device Act ("WADAD"), the Washington Commercial Telephone Solicitation Act, and the Washington State Unfair Business Practices Act (also known as the Washington Consumer Protection Act ("WCPA")), and two claims under federal law -- the Telephone Consumer Protection Act ("TCPA") and the Telemarketing Sales Rule ("TSR")[2]. Defendants move to dismiss all causes of action. Defendants also move to strike the punitive damages and attorney's fees request. *Id.* at 10:3-12. The Court will discuss each of the pending motions.

A. <u>Plaintiff's Motion to Dismiss Nationwide (Dkt. 26)</u>

Plaintiff states that he and Nationwide have conferred and determined that Nationwide is not a property party to the action. *Id.* Neither Nationwide nor any other defendant responded to Plaintiff's motion.

Federal Rule of Civil Procedure 41(a)(2) prescribes in relevant part: "[A]n action may be dismissed ... at the plaintiff's request ... by court order." The Ninth Circuit has "declined to read [that] rule literally as permitting the dismissal only of an *entire* action against *all* defendants" and states the Rule may be used "to allow for the dismissal *of all* claims against *one* defendant." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403

---

[1] Plaintiff is appearing *pro se* in this matter.

[2] Plaintiff has agreed to withdraw his TSR claims against Defendants. *See* Dkt. 33-8; Dkt. 34 at 1.

F.3d 683, 687 (9th Cir.2005). A Rule 41(a)(2) motion for voluntarily dismissal "is addressed to the district court's sound discretion." *Stevedoring Serv. of Am. v. Armilla Intern. B.V.,* 889 F.2d 919, 921 (9th Cir.1989).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir.2001). Here, no other defendant has shown that it would suffer plain legal prejudice if the motion is granted.

Thus, for the stated reasons, Plaintiff's motion for voluntary dismissal with prejudice should be GRANTED.

B. <u>Defendant's LeadPoint, Inc., Reliance First Capital LLC and LoanDepots.Com LLC's motions to dismiss under Rule 12(b)(6) (Dkts. 13, 16)</u>

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Barton has failed to plausibly allege that the call was placed using an automatic telephone dialing system ("ATDS"); Barton provided express consent to receive calls from Defendants; and Barton has not alleged that Defendants engaged in any unfair or deceptive practices.

Plaintiff moved to file an amended complaint on June 6, 2021. The Court, for the purposes of the pending motions, grants Plaintiff's motion. An amended complaint properly filed while a motion to dismiss is pending generally moots the motion to dismiss. *See, e.g.*, *Williamson v. Sacramento Mortg., Inc.*, No. S-10-2600KJM-DAD, 2011 WL 4591098, at *1, (E.D. Cal., October 11, 2011) (internal citations omitted). An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927–28

(9th Cir. 2012). Where a motion to dismiss targets a complaint that has been superseded by an amended complaint, the court should deem the motion to dismiss moot. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Defendants' motions to dismiss (Dkts. 13, 16) were mooted by Barton's amended complaint (Dkt. 31), and they should therefore be DENIED without prejudice.

C. <u>Defendants' Motion to Dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6)</u>

1. Standard

A federal court may dismiss a claim sua sponte pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See*, *Reed v. Lierance*, 863 F.3d 1196, 1207 (9th Cir. 2017); *Omar v. SeaLand Services, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Unless the plaintiff could not possibly win relief on their claims, the Court must give pro se litigants notice of its intention to dismiss and afford the plaintiff an opportunity to at least submit a written memorandum in opposition. *On Demand Direct Response, LLC v. McCart-Pollak*, 842 Fed. Appx. 151, 152 (9th Cir. 2021); *Omar*, 813 F.2d at 991.

On a motion to dismiss, the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to Plaintiff. *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 570

(2007)). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

On a 12(b)(6) motion, the Court may consider the complaint, materials incorporated by reference into the complaint, and matters subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998-99, 1002-03 (9th Cir. 2018).

In addition to the Complaint itself, this Court may consider information on the website, http://370.bz/3/0AQJ-1HGPGR, which is referred to and described in the first amended complaint. *See generally Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking into consideration information posted on webpages that plaintiffs referenced the complaint). It is appropriate to take judicial notice of this information as no party disputes the authenticity of the website or the accuracy of the information displayed therein. *See* Fed. R. Evid. 201 (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

    2.  TCPA, 47 U.S.C. 227(c)(5)

Defendants seek dismissal of Plaintiff's claim that they violated federal regulations promulgated under the TCPA on the theory that Plaintiff consented to be called by Defendants and Plaintiff fails to plausibly plead that the calls were made to a "residential telephone subscriber."

TCPA's do-not-call provision prohibits "initiat[ing] more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on

1  the National DNC Registry. 47 C.F.R. 64.1200(C)(2); 47 U.S.C. 227(c)(5). The TCPA
2  explicitly excepts calls made with "prior express invitation or permission" from its
3  restrictions. *See* 47 U.S.C. 227(a)(4). A text message constitutes a "call" for the
4  purposes of the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954
5  (9th Cir. 2012).

6       Express consent is not an element of a plaintiff's prima facie case but is an
7  affirmative defense for which the defendant bears the burden of proof. *See In the*
8  *Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23
9  F.C.C. Rcd. 559, 565 (Jan. 4, 2008) (the "2008 Order") ("[W]e conclude that the creditor
10 should be responsible for demonstrating that the consumer provided prior
11 express consent.... Should a question arise as to whether express consent was
12 provided, the burden will be on the creditor to show it obtained the necessary prior
13 express consent."). While it is not an element of a plaintiff's prima facie case, "the
14 assertion of an affirmative defense may be considered properly on a motion to dismiss
15 where the allegations in the complaint suffice to establish the defense." *Sams v. Yahoo!*
16 *Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). Therefore, "affirmative defenses routinely
17 serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from
18 the face of the [c]omplaint." *Id.*

19      The allegations in the first amended complaint establish that Plaintiff gave his
20 prior express consent to be contacted by Defendants. "While there is a minority of
21 courts that have found otherwise, the great weight of authority holds that an individual
22 who knowingly provides his telephone number to another party without limiting
23 instructions has given her prior express consent to receive calls at that number from

24

25

NOTING DATE: NOVEMBER 17, 2021 - 8

that party."  See Daniel v. Five Stars Loyalty, Inc., No. 15-CV-03546-WHO, 2015 WL 7454260, at *6 (N.D. Cal. Nov. 24, 2015).  In its 1992 order interpreting the TCPA, the FCC observed that

> persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. Hence, telemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached.

7 F.C.C. Rcd. 8752 ¶ 31 (1992).

Here, on March 2, 2021, Plaintiff clicked on the link directing him to homeequityquiz.com, answered the questions on the website, and provided his contact information, including a cell phone number. Dkt. 31 at 4:14-5:2. It was only after this that Plaintiff began receiving calls from Defendants inquiring about mortgage services. Id. at 5:12-16. Further, in answering the questions on the website, Plaintiff consented to and acknowledged the Privacy Policy, which in part, provided the "Premier Partners" (i.e. Reliance First Capital, Loan Depot, Global Equity Finance, Nationwide-ML, Nationwide (RG) and Nationwide Home Loan) consent to contact Plaintiff. Dkt. 34, at 13.

Defendants also argue that Plaintiff has failed to allege that he is a "residential telephone subscriber" because he stated that his phone is used for "judicial branch advocacy." Dkt. 1-1 at 4:1-2. Because the allegations in the FAC establish that Plaintiff consented to be contacted by Defendants, the Court does not need to address whether Plaintiff's phone number is considered a "residential telephone subscriber."

Therefore, this Court should dismiss Plaintiff's TCPA claim against Defendants.

3. Washington State Law Claims

Under RCW 19.158.040(2), "a commercial telephone solicitor shall not place

1    calls to any residence which will be received before 8:00 a.m. or after 9:00 p.m. at the
2    purchaser's local time." "Solicit" is defined "initiating contact with a purchaser for the
3    purpose of attempting to sell property, goods or services, where such purchaser has
4    expressed no previous interest in purchasing, investing in, or obtaining information
5    regarding the property, goods, or services attempted to be sold." RCW 19.158.020(10).
6            First, it is important to note that Plaintiff does not allege that defendants Reliance
7    First Capital, loanDepot.com or Global Equity Finance made calls at this time. Dkt. 31 at
8    5:18-7:24. As for defendant LeadPoint, Plaintiff alleges that he received text messages
9    a few minutes before 8:00 a.m. from LeadPoint. *Id.* at 8:10-13. However, Plaintiff states
10   that he received such text messages only after he answered the questions on
11   homeequityquiz.com. *Id.* at 7:20-8:13. Thus, Plaintiff has shown "interest".
12           Similarly, under RCW 19.158.150, which provides that "no salesperson shall
13   solicit purchasers on behalf of a commercial telephone solicitor…," Plaintiff was not
14   solicited by Defendants.
15           As for Plaintiff claim under RCW 19.86.020, which makes "unfair methods of
16   competition and unfair or deceptive acts or practices in the conduct of any trade or
17   commerce" unlawful, Plaintiff failed to plausibly state that Defendants failed to disclose
18   themselves. Plaintiff admits to recognizing that HomeEquityQuiz was owned by
19   LeadPoint, Inc. *Id.* at 8:6-7.
20           Plaintiff's claim under RCW 80.36.390(3) also fails. Under this statue, telephone
21   solicitations to residential telephone customers are restricted. "If, at any time during the
22   telephone contact, the called party states or indicates that he or she does not wish to be
23   called again by the company or organization or wants to have his or her name and
24
25

individual telephone number removed from the telephone lists used by the company or organization making the telephone solicitation, then the company or organization shall not make any additional telephone solicitation of the called party at that telephone number within a period of at least one year; and the company or organization shall not sell or give the called party's name and telephone number to another company or organization: provided, that the company or organization may return the list, including the called party's name and telephone number, to the company or organization from which it received the list". RCW 80.36.390(3). "Telephone solicitation" means the unsolicited initiation of a telephone call by a commercial or nonprofit company or organization to a residential telephone customer and conversation for the purpose of encouraging a person to purchase property, goods, or services or soliciting donations of money, property, goods, or services. RCW 80.36.390(1).

Here, Plaintiff has neither alleged facts that a conversation took place with any Defendant nor that he made a do-not-call request during the telephone contact.

Finally, RCW 19.158.110(2) states:

> (2) If at any time during the telephone contact, the purchaser states or indicates that he or she does not wish to be called again by the commercial telephone solicitor or wants to have his or her name and individual telephone number removed from the telephone lists used by the commercial telephone solicitor:
> (a) The commercial telephone solicitor shall not make any additional commercial telephone solicitation of the called party at that telephone number within a period of at least one year; and
> (b) The commercial telephone solicitor shall not sell or give the called party's name and telephone number to another commercial telephone solicitor: PROVIDED, That the commercial telephone solicitor may return the list, including the called party's name and telephone number, to the company or organization from which it received the list.

Plaintiff's claim under this statute also fails for the reasons discussed above. Plaintiff has not alleged that he made a do-not-call request during the telephone contact, and the subject contact from Defendants do not qualify as "solicitation" as defined under the statute because Plaintiff consented to such contact when he submitted his information on homeequityquiz.com.

Therefore, this Court should dismiss Plaintiff's claims under Washington state law.

### D. Whether Further Amendments Would Be Futile

Where a pro se litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend when amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991), *McCartPollak*, 842 Fed. Appx. at 152. Plaintiff cannot amend the proposed first amended complaint (Dkt. 31-1) to cure the deficiencies identified in this Report and Recommendation. Plaintiff has amended his complaint once, and given that Plaintiff admits he consented to being contacted by Defendants by clicking on the link and completing the questionnaire, Plaintiff's amendments, if any, would be futile.

### II. CONCLUSION

Based on the foregoing, the undersigned recommends that the Court GRANT Defendants' motions to dismiss the first amended complaint, with prejudice (Dkt. 33, Dkt. 34). Additionally, the Court should dismiss Plaintiff's claims against the remaining

parties. The first amended complaint, Dkt. 31-1, should be dismissed with prejudice in its entirety.

The parties have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); see also FRCP 6. If objections are filed, the parties shall have fourteen (14) days from the service of the objections to file a response. FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on November 17, 2021, as noted in the caption.

Dated this 3rd day of November, 2021.

Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: NOVEMBER 17, 2021 - 13