UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN W. BARTON,

        Plaintiff,

  v.

LEADPOINT, INC., et al.,

        Defendants.

CASE NO. C21-5372 BHS

ORDER

THIS MATTER is before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 47, recommending the resolution of six pending motions in this Telephone Consumer Protection Act ("TCPA") case, and dismissing all of pro se plaintiff Nathen Barton's claims against all defendants, with prejudice.

The pending motions are: Defendants LeadPoint, Reliance First Capital, and LoanDepot.com's Motions to Dismiss Barton's initial complaint, Dkts. 13 and 16; Barton's responsive Motion to Amend his Complaint, Dkt. 31; LeadPoint and Reliance's Joint Motion to Dismiss and Strike Bartons' proposed amended complaint, Dkt. 33; and LoanDepot's Motion to Dismiss and Strike Barton's Amended Complaint, Dkt. 34.

ORDER - 1

Barton also moves to dismiss his claims against Defendant Nationwide Mutual Insurance Co., Dkt. 26.

The R&R recommends GRANTING Barton's Motion to Amend, Dkt. 31, which would MOOT the Motions to Dismiss, Dkts. 13 and 16, which were aimed at Barton's original complaint, Dkt. 1-1. It recommends GRANTING Barton's own Motion to Dismiss his claims against Nationwide, Dkt. 26, and GRANTING the Motions to Dismiss Barton's Amended Complaint, Dkts. 33 and 34. It also recommends DISMISSING Barton's remaining claims against the remaining defendants for the same reasons, and dismissing the case with prejudice. *See* Dkt. 47.

In response, Barton voluntarily dismissed his claims against LoanDepot.com and Global Equity Finance. Dkts. 48 and 49. The former dismissal moots LoanDepot.com's Motion to Dismiss, Dkt. 34. Barton Objects[1] to the R&R's proposed resolution of the only remaining motion, Defendants LeadPoint's and Reliance's Joint Motion to Dismiss his amended complaint, Dkt. 33. Dkt. 50.

Thus, as an initial matter, the R&R is **ADOPTED** on the following points: Barton's Motion for Leave to Amend his Complaint, Dkt. 31, is **GRANTED**, and the complaint at Dkt. 31-1 is the operative complaint in this matter. LeadPoint, Reliance and LoanDepot.com's Motions to Dismiss Barton's initial complaint, Dkts. 13 and 16, are **DENIED as moot**. Barton's Motion to Dismiss Defendant Nationwide, Dkt. 26, is

---

[1] Barton's Objection also concedes his state law claims, leaving only his TCPA claims against LeadPoint and Reliance. Dkt. 50 at 5.

1   **GRANTED**, and Barton's claims against Nationwide are **DISMISSED** without
2   prejudice.
3       Furthermore, LoanDepot.com's Motion to Dismiss Barton's claims against it, Dkt.
4   34, is **DENIED as moot**, and the Court therefore **DECLINES** to adopt the R&R's
5   recommended resolution of that motion.
6       Accordingly, the only remaining issue is the R&R's recommended dismissal with
7   prejudice of Barton's TCPA claims against LeadPoint and Reliance, and Barton's
8   Objections to the R&R on that issue. *See* Dkts. 33 and 50.

9   **I.   DISCUSSION**

10  As the R&R and the underlying briefing describe, Barton's TCPA case arises from
11  an unsolicited text message he received on a cell phone[2] on March 2, 2012. The message
12  was addressed to someone else:

> Hi Wendy,
> New mortgage program in Lawrenceville!
> See your savings now.
> http://370.bz/3/0AQJ-1HGPGR
> TxtSTOPtoEnd

---

[2] Barton alleges that he uses the subject phone and number for "non-commercial judicial branch advocacy," Dkt. 31-1 at 3–4. Leadpoint asserts that Barton has used that number in litigation filings in this and some of the other eleven TCPA cases he has filed in this District in the past twelve months. It points out that he concedes he has a different, personal phone and number for personal use. It argues persuasively that the subject phone number is not a "residential phone number" as a matter of law. Dkt. 51 at 2–3.

Dkt. 31-1 at 4.

Rather than respond "STOP," which would have ended the texts, Barton admittedly clicked on the link, was taken to a "homeequityquiz.com" website, where he "answered questions," and submitted his cell phone number. *Id*. Barton alleges that he then received eight additional texts or calls over the following 30 days from Defendant Reliance. *Id*. at 5–6. Barton claims he eventually determined that LeadPoint was the source of the initial, "Hi Wendy" text message. *Id*. at 7. He alleges that by March 7, he was so agitated by the calls that he sent LeadPoint a "do not call" message through their website. *Id*. at 8.

He alleges that the texts were "calls" for purposes of the TCPA, and that because his number was on the "DO NOT CALL" Registry, LeadPoint and Reliance violated the TCPA when they called him after March 7. *Id.* at 10.

LeadPoint and Reliance moved to dismiss, arguing that Barton had expressly consented to receiving the texts when he went to the website and provided his phone number. Dkt. 33.

The R&R agreed and determined that Barton had consented to the calls, which exempted them from the TCPA. Dkt. 47 at 8 (citing 47 U.S.C. § 227(c)(5)). It therefore recommends dismissing all of Barton's TCPA claims. *Id*. at 9.

Barton objects, arguing that the R&R failed to view his allegations in the light most favorable to him, and attempts to clarify that his phone number was on the do not call list for more than 31 days prior to the receipt of the "Hi Wendy" text message. Dkt. 50.

Barton claims that the first call and two he received more than 30 days after his Do Not Call request are violations of the TCPA. *Id.* at 3. He also cites an out of district case, *Heidorn v. BDD Mktg. & Mgmt. Co. LLC*, No, C-13-00299, 2013 WL 6571629 (N.D. Cal. August 19, 2013) for the proposition that, viewed in the light most favorable to him, the calls during the TCPA maximum 30-day "grace period" after his March 7, 2021 Do Not Call request also violated the TCPA. Dkt. 50 at 3–5. *Heidorn*, however, involved a default judgment against the caller, and is of limited import here.

LeadPoint and Reliance argue that this case and this plaintiff are a "poster child for TCPA litigation abuse." Dkt. 51 at 2. They argue that, as the R&R concluded, Barton expressly consented to the call he received, and that by visiting and interacting with the website linked in the first text, Barton created an Existing Business Relationship with them. *Id.* at 4. They emphasize that had Barton replied "STOP" to the first text he received, he would not have received the other calls, upon which his remaining TCPA claims against the remaining defendants rely. *Id.* at 4–6. They assert, persuasively, that Barton did so to "manufacture" a claim for statutory TCPA damages. *Id.* at 6–7 (citing *Johansen v. Nat'l Gas & Elec. LLC*, No. 17-cv-587, 2018 WL 3933472, at *5 (S.D. Ohio Aug. 16, 2018) ("A call is excluded from the definition of a telephone solicitation if it is placed to any person with that person's prior express invitation or permission.") (internal quotation omitted)).

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

Barton's Objection to the R&R is not persuasive, and for the reasons articulated there and above, the Magistrate Judge's Report and Recommendation, Dkt. 47, as to LeadPoint and Reliance's Motion to Dismiss, Dkt. 33, is **ADOPTED**, that motion is **GRANTED**, and Barton's remaining TCPA claim against these remaining defendants is **DISMISSED with prejudice** and without leave to amend.

The Clerk shall send copies of this Order to Nathen Barton at his last known address and to Magistrate Judge Fricke.

The Clerk shall enter a JUDGMENT and close the case.

IT IS SO ORDERED.

Dated this 13th day of January, 2022.

BENJAMIN H. SETTLE
United States District Judge