|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| NATHEN W. BARTON,<br><br>            Plaintiff,<br><br>   v.<br><br>LEADPOINT INC., et al.,<br><br>            Defendants. | CASE NO. C21-5372 BHS<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION |

THIS MATTER is before the Court on pro se Plaintiff Nathen Barton's Motion for Reconsideration, Dkt. 54, and on Barton's Amended Motion for Reconsideration, Dkt. 57, of the Court's Order, Dkt. 52, adopting the Magistrate Judge's Report and Recommendation, Dkt. 47, and dismissing Barton's Telephone Consumer Protection Act ("TCPA") claim with prejudice. Barton does not appear to dispute the outcome, but asks the Court to revise its Order, specifically to remove the reference to Barton "manufacturing" a TCPA damages claim. Dkt. 57 at 1.

The Order includes Defendants' characterization of Barton's conduct in responding to a misdirected text message as an effort to "manufacture" a claim for TCPA statutory damages:

ORDER - 1

They assert, persuasively, that Barton did so to "manufacture" a claim for statutory TCPA damages. [Dkt. 51] at 6–7 (citing *Johansen v. Nat'l Gas & Elec. LLC*, No. 17-cv-587, 2018 WL 3933472, at *5 (S.D. Ohio Aug. 16, 2018) ("A call is excluded from the definition of a telephone solicitation if it is placed to any person with that person's prior express invitation or permission.") (internal quotation omitted)).

Dkt. 52 at 5. The Court noted that Barton has filed twelve TCPA claims in this District in the past twelve months and that his filings explain why he has a phone line he uses primarily for his "non-commercial judicial branch advocacy." Dkt. 52 at 3 (citing Dkt. 31-1 at 3).

Under Local Rule 7(h)(1), motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Manifest error*, Black's Law Dictionary (11th ed. 2019).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants

with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Barton's clarification that he did not "manufacture" his claim for TCPA statutory damages is noted, but it does not meet this standard, and his quarrel with Defendants' characterization of his conduct does not warrant additional motions. The Court will not reconsider its wording, or its ruling. Barton's Motions for Reconsideration, Dkt. 54 and 57, are **DENIED**.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2022.

BENJAMIN H. SETTLE
United States District Judge