THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| NATHEN BARTON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LEADPOINT INC., RELIANCE FIRST CAPITAL LLC. LOANDEPOT LLC, GLOBAL EQUITY FINANCE INC., NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>　　　　Defendants. | Case No.: 3:21-cv-05372-BHS<br><br>**LEADPOINT, INC. AND RELIANCE FIRST CAPITAL, LLC'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**<br><br>**NOTE ON MOTION CALENDAR: FEBRUARY 25, 2022** |

MOTION FOR ATTORNEYS' FEES - 1 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. PROCEDURAL HISTORY AND BACKGROUND FACTS ................................2

    A. Plaintiff's Initial Complaint ......................................................................2

    B. Removal and Mr. Barton's Motion to Remand .........................................3

    C. LeadPoint and Reliance's Motions to Dismiss and the FAC ....................4

    D. The Court's Report and Recommendation and Order Dismissing the Case .........5

III. FEES ARE APPROPRIATE UNDER RCW 4.84.185 .........................................6

    A. Standard Under RCW 4.84.185 ................................................................6

    B. An Award of Fees and Costs is Appropriate .............................................6

IV. FEES ARE APPROPRIATE UNDER 28 U.S.C. § 1927 AND LCR 11 .............7

    A. Standards Under 28 U.S.C. § 1927 and LCR 11(c) ..................................7

    B. An Award of Fees and Costs is Appropriate .............................................8

V. FEES AND COSTS INCURRED .........................................................................11

    A. Total Time Spent Defending this Case ....................................................11

    B. Time Spent Addressing Mr. Barton's Motion to Remand and Defending this Case After the First Amended Complaint ...........................................11

VI. CONCLUSION ....................................................................................................12

MOTION FOR ATTORNEYS' FEES - i -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Estate of Blas ex rel. Chargualaf v. Winkler*,
    792 F.2d 858 (9th Cir. 1986) ................................................................................................8

*Irving v. AMTRAK*,
    No. C13-5713 BHS, 2015 U.S. Dist. LEXIS 4023 (W.D. Wash. Jan. 12, 2015) ...................6

*Lucas v. Camacho*,
    No. C11-5350 BHS, 2012 U.S. Dist. LEXIS 133367 (W.D. Wash. Sept. 18, 2012) .............6

*Malico, Inc. v. Cooler Master USA Inc.*,
    No. C09-0732RAJ, 2010 U.S. Dist. LEXIS 150763 (W.D. Wash. Sept. 1, 2010) ...............11

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) ..........................................................................11

*Wages v. IRS*,
    915 F.2d 1230 (9th Cir. 1990) ..............................................................................................8

*Harrington v. Pailthorp*,
    67 Wash. App. 901 (1992) ....................................................................................................6

**FEDERAL STATUTES**

28 U.S.C. § 1927 ................................................................................................................ *passim*

47 U.S.C. § 227(c)(5) ..................................................................................................... 1, 4, 6

**STATE STATUTES**

RCW 4.84.185 .................................................................................................................... *passim*

RCW 19.86.020 .................................................................................................................. 4, 7, 10

RCW 19.158.040 ................................................................................................................ *passim*

RCW 19.158.110(2) ............................................................................................................ 4, 10

RCW 19.158.150 ................................................................................................................ 4, 10

RCW 80.36.390(3) ............................................................................................................. 4, 7, 10

MOTION FOR ATTORNEYS' FEES - ii -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

**REGULATIONS**

16 C.F.R. § 310.3(a)(4) ................................................................................................................4

16 C.F.R. § 310.4(b)(iii)(A)-(B) ...................................................................................................4

16 C.F.R. § 310.4(c) .....................................................................................................................4

MOTION FOR ATTORNEYS' FEES - iii -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

## I. INTRODUCTION

This is one of twenty four Telephone Consumer Protection Act cases of which LeadPoint, Inc. and Reliance First Capital, LLC are aware filed by Nathen Barton, President of a "consulting agency" called "TCPA University."[1]  In this case, Mr. Barton claimed that on March 2, 2021, he received a text message addressed to "Wendy," that said "TxtSTOPtoEnd," and contained a link that directed to homeequityquiz.com (which referenced LeadPoint). Instead of responding "STOP," Mr. Barton submitted his telephone number and agreed to a disclosure explaining he would receive calls and texts.  After receiving calls and texts, he sued five parties in a case he created using a telephone he obtained for "judicial branch advocacy."[2]

Hours after LeadPoint removed the case to this Court, Mr. Barton emailed a copy of a meritless Motion to Remand.  Two weeks later, he withdrew the Motion after unsuccessfully attempting to leverage it.  Following a second round of Motions to Dismiss, Magistrate Judge Theresa L. Fricke issued a Report and Recommendation recommending that Mr. Barton's claims be dismissed with prejudice, primarily because he consented.  The Court thereafter issued its Order granting LeadPoint and Reliance's Motion to Dismiss and to Strike.

Pursuant to Fed. R. Civ. P. 54, RCW 4.84.185, 28 U.S.C. § 1927, and LCR 11(c) LeadPoint and Reliance respectfully request an award of attorneys' fees LeadPoint expended in defending this case.[3]  This case was frivolous in its entirety, warranting recovery of its fees and non-taxable costs, $159,963.80.  At the very least, Defendants respectfully submit that an award of $80,102.00 is warranted pursuant to 28 U.S.C. § 1927 and LCR 11(c).

---

[1] According to www.tcpauniversity.com, which was operational on January 21, 2022 (but was taken offline on or about January 26), Mr. Barton "ha[s] been taking telemarketing companies . . . to court one phone number at a time, resulting in enormous compensation . . . I'm talking several tens of thousands of U.S. dollars . . . and it keeps coming."  Decl. of Esteban Morales in Support of Motion for Attorneys' Fees and Non-Taxable Costs ("Morales Decl."), ¶¶ 9-11, Ex. 8.  Before the website became "Unavailable," TCPA University advised visitors that it "now offer[ed] . . . comprehensive consultancy services." *Id.*, ¶ 11, Ex. 8 at Pg. 8, and ¶ 14, Ex. 11. *See also Id.* at ¶¶ 12-13, Ex. 9 (Facebook page for TCPA University describing it as a "Consulting agency") and Ex. 10 (Google search results describing Mr. Barton as the "founder of TCPA University").  The website's unavailability raises spoliation concerns if Mr. Barton intends to continue trying to pursue this case (and another involving a fraud counterclaim).

[2] Without a second call, Mr. Barton would not have had sufficient calls to attempt to bring a claim under 47 U.S.C. § 227(c)(5) – the only claim he pursued after abandoning every other claim.

[3] LeadPoint paid for its defense as well as the defense of Reliance First Capital.

MOTION FOR ATTORNEYS' FEES - 1 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

## II.     PROCEDURAL HISTORY AND BACKGROUND FACTS

### A.     Plaintiff's Initial Complaint

Mr. Barton initiated this case in Clark County Superior Court on April 21, 2021, naming LeadPoint, Reliance, and three other defendants.[4]  Complaint at Dkt. No. 1-1 ("Compl.")  He alleged having received a text message on March 2, 2021 that said:

> Hi Wendy,
> New mortgage program in
> Lawrenceville!
> See your savings now.
> http://370.bz/3/0AQJ-1HGPGR
> TxtSTOPtoEnd

Instead of responding "STOP," he "clicked the link and was taken to webpage *homeequityquiz.com*," where he "answer[ed]" a "series of questions." *Id.* at 1:25 and 30-33. Mr. Barton claimed he could not identify LeadPoint on homeequityquiz.com when he received the first alleged text and on that basis asked for more texts and calls; after increasing his claimed statutory damages, he "[e]ventually . . . noticed" language on the "website that admits 'HomeEquityQuiz is owned by LeadPoint Inc.'"  Compl., Dkt. No. 1-1 at 4:7-8.[5]  He alleged that "[b]y March 7, [he] was quite fed up with the situation . . . ."  *Id.* at 4:9.

---

[4] As of this filing, Mr. Barton is, or has been, a plaintiff in eleven other TCPA cases in this Court. *See Barton v. Serve All Help All Inc., et al.*, No. 3:21-cv-05338-BHS (W.D. Wash.); *Barton v. DirecTV LLC*, No. 3:21-cv-05423-BHS (W.D. Wash.); *Barton v. Asset Realty LLC, et al.*, No. 3:21-cv-05462-RJB (W.D. Wash.); *Barton v. The Rian Group Inc., et al.*, No. 3:21-cv-05485-BHS (W.D. Wash.); *Barton v. JMS Associate Marketing LLC, et al.*, No. 3:21-cv-05509-RJB (W.D. Wash.); *Barton v. Delfgauw, et al.*, No. 3:21-cv-05610-JRC (W.D. Wash.); *Barton v. LendingPoint LLC, et al.*, No. 3:21-cv-05635-BHS (W.D. Wash.); *Barton v. American Protection Plans LLC*, No. 3:21-cv-05669-BHS (W.D. Wash.); *Barton v. SelectQuote Insurance Services*, No. 3:21-cv-05817-BHS (W.D. Wash.); *Barton v. America's Lift Chairs LLC et al.*, No. 3:21-cv-05850-BHS (W.D. Wash.); *Barton v. Sopi Financial LLC, et al.*, No. 3:21-cv-05934-RJB (W.D. Wash.).  Mr. Barton has been countersued for fraud, and his motion to dismiss the counterclaim, denied by the Court in *Barton v. Delfgauw, et al.* 3:21-cv-05610-JRC at Dkt. Nos. 39 and 45.  LeadPoint is aware of twelve other TCPA cases Mr. Barton filed in state court and which, based upon review of dockets, appear to be separate matters from those removed. *Barton v. Laurent, et al.*, No. 20S000529 (Clark County Wash.); *Barton v. EverQuote, Inc., et al.*, No. 21C1436-4 (Clark County Wash.); *Barton v. Matrix Warranty Solutions Inc.*, No. 21C1794-2 (Clark County Wash.); *Barton v. Matrix Warranty Solutions Inc.*, No. 21S000080 (Clark County Wash.); *Barton v. The Rian Group Inc.*, No. 21C2144-2 (Clark County Wash.); *Barton v. The Rian Group Inc.*, No. 21S000187 (Clark County Wash.); *Barton v. Century 21 Northwest Realty Inc., et al.*, No. 21C2253-1 (Clark County Wash.); *Barton v. Century 21 Northwest Realty Inc., et al.*, No. 21S000079 (Clark County Wash.); *Barton v. The Brokerage House*, No. 21S000058 (Clark County Wash.); *Barton v. Manasseh Jordan Ministries, et al.*, No. 21S000081 (Clark County Wash.); *Barton v. Serve All, Help All, Inc.*, No. 21S000120 (Clark County Wash.); *Barton v. Auto Consumer Solutions LLC*, No. 21S0000137 (Clark County Wash.).

[5] When he clicked the link, he was presented with language that referenced LeadPoint and told him he was agreeing to texts and calls.  Declaration of Esteban Morales, Dkt. No. 14, Ex. A.

MOTION FOR ATTORNEYS' FEES - 2 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

**B.      Removal and Mr. Barton's Motion to Remand**

On May 19, 2021, LeadPoint removed the case to this Court on the basis of federal question and supplemental jurisdiction. Notice of Removal, Dkt. No. 1. That afternoon, LeadPoint's local counsel emailed Mr. Barton a copy of the Notice of Removal. Morales Decl., Ex. 1. Mr. Barton responded a few hours later by emailing his Motion to Remand. *Id.* Motion to Remand, Dkt. No. 15.[6] Though the Notice of Removal was not premised on diversity jurisdiction, Mr. Barton opened his motion by arguing the case could not be removed on that basis. *Id.*, Dkt. No. 15 at 2:2-6. He also claimed that Article III standing did not exist:

> Plaintiff's original complaint . . . did not allege i) the phone was in Plaintiff's possession; ii) when a call is actually received by the Plaintiff; and iii) in a manner that caused a nuisance. Therefore, Plaintiff lacks standing under Article III to proceed in this Court.

*Id.* at 2:8-11. Counsel for loanDepot.com asked Mr. Barton to clarify his position: "Are you saying someone else received each of the calls and that the phone was not in your possession? Thanks." Mr. Barton responded: "I think you have to work with what is in the complaint :) ." Morales Decl., Ex. 2. The next day, Mr. Barton tried to leverage withdrawing his Motion to Remand in exchange for the defendants agreeing to more interrogatories. *Id.* at Ex. 3.

On June 1, counsel for LeadPoint emailed Mr. Barton, asking that he withdraw the Motion to Remand because it was unwarranted. Morales Decl., Ex. 4. On June 3, Mr. Barton tried to leverage withdrawing the meritless Motion to Remand in exchange for no opposition to adding a defendant. *Id.* at Ex. 5. LeadPoint and Reliance declined, explaining again that the "Motion to Remand should be withdrawn because it lacks factual and legal merit." *Id.* Later that day, Mr. Barton agreed to withdraw the motion. *Id.* Less than two weeks before he emailed his Motion to Remand, Mr. Barton initiated a separate TCPA case in this Court, alleging that federal court in fact was a proper forum to hear that case.[7]

---

[6] The Court received Mr. Barton's Motion to Remand on May 24, 2021.
[7] *Id.* at Ex. 6, *Barton v. Serve All Help All Inc., et al.* Complaint at 2:16-19.

MOTION FOR ATTORNEYS' FEES - 3 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

**C.     LeadPoint and Reliance's Motions to Dismiss and the FAC**

While Mr. Barton's Motion to Remand was pending, LeadPoint and Reliance filed a Motion to Dismiss and Strike on May 26, 2021, explaining the case should be dismissed because Mr. Barton consented, created an Established Business Relationship, and his telephone did not qualify as residential.  Motion to Dismiss and to Strike, Dkt. No. 13, and Declaration of Esteban Morales in Support of Motion to Dismiss and to Strike, Dkt. No. 14.  Mr. Barton opposed the Motion on June 1, 2021.  Response to Motion to Dismiss and Strike, Dkt. No. 24.[8]

On June 7, Mr. Barton filed a First Amended Complaint, alleging that "he obtained this phone and phone number to use . . . for non-commercial judicial branch advocacy."  Motion for Leave to Amend Complaint and First Amended Complaint ("FAC"), Dkt. Nos. 31 and 31-1 at 3:23-4:1.  He added that "calls were received by Plaintiff while at his Clark County WA residence," and claimed that "[b]y March 7, Plaintiff was highly agitated by all the phone calls."  *Id.* at 4:15-5:16 and 8:15-16.[9]  He alleged the following claims: TCPA, 47 U.S.C. § 227(c)(5); Telemarketing Sales Rule, 16 C.F.R. §§ 310.4(b)(iii)(A)-(B), (c), and § "310.3(4)(b)"[10]; and RCW 19.86.020, 19.158.040, 19.158.110(2), 19.158.150, and 80.36.390(3).

LeadPoint and Reliance responded with a Motion to Dismiss and to Strike on June 17.  Among other arguments, they continued to argue that the case should be dismissed because Mr. Barton consented, created an Established Business Relationship, and because his

---

[8] Mr. Barton opened his Opposition by arguing that his Motion to Remand should be granted despite including a proposed amended complaint establishing Article III standing. *Compare Id.* at 2:9-20 *with* Proposed Amended Complaint, Dkt. No. 24-1 at 3:8-12.
On June 4, 2021, Mr. Barton moved to dismiss Nationwide Mutual Insurance Company because he incorrectly named the company as a defendant.  Motion to Dismiss, Dkt. No. 26.
[9] LeadPoint highlights the allegations because Mr. Barton argued, in his Motion to Remand, that Article III standing did not exist due to a lack of allegations to this effect (which he was again making).
[10] Mr. Barton appeared to be referencing 16 C.F.R. § 310.3(a)(4).

MOTION FOR ATTORNEYS' FEES - 4 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

telephone was not residential.[11]  Motion to Dismiss and to Strike, Dkt. 33.  The Motion to Dismiss and to Strike was fully briefed on July 30, 2021.[12]

**D.     The Court's Report and Recommendation and Order Dismissing the Case**

On November 3, Magistrate Judge Fricke issued a Report and Recommendation, recommending that the Court grant LeadPoint and Reliance's Motion and dismiss the claims with prejudice.  Report and Recommendation, Dkt. No. 47.  The Report and Recommendation concluded that "[t]he allegations . . . establish that Plaintiff gave his prior express consent to be contacted by Defendants." *Id.* at 8:19-20.  Primarily for this reason, the Report and Recommendation recommended that the TCPA and state law claims be dismissed with prejudice.

Mr. Barton filed an Objection to the Report and Recommendation on November 4, in which he abandoned all claims against loanDepot.com and Global Equity Finance as well as his state law claims against LeadPoint and Reliance.  Objection, Dkt. No. 50 at 5:1-8.  LeadPoint and Reliance responded on November 18, 2021.  Response to Objection, Dkt. No. 51.

On January 13, 2022, the Court issued its Order adopting the Report and Recommendation as to dismissal of Mr. Barton's claims with prejudice.  Order, Dkt. No. 52.  The Order noted that LeadPoint "argues persuasively that the subject phone number is not a 'residential phone number' as a matter of law." *Id.* at 3 n.2.  The Court added that both defendants "assert, persuasively," that Barton submitted information "to 'manufacture' a claim for statutory TCPA damages." *Id.* at 5.

---

[11] In addition to Mr. Barton's allegations regarding using the phone at issue for "judicial branch advocacy," LeadPoint and Reliance explained that Mr. Barton filed another case involving a different telephone number that he described as his "personal cell phone."  Motion to Dismiss and to Strike, Dkt. No. 33 at 6 n.6.  They also noted that Mr. Barton abandoned his Telemarketing Sales Rule claims after conceding he did not have a private right of action. *Id.* at 14, and Declaration of Esteban Morales, Dkt. 33-1 at Ex. H.

[12] loanDepot.com filed a Motion to Dismiss while Global Equity Finance filed its own Motion to Dismiss and joined in the arguments of LeadPoint and Reliance. *See* Dkt. Nos. 34 and 35.

MOTION FOR ATTORNEYS' FEES - 5 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

## III. FEES ARE APPROPRIATE UNDER RCW 4.84.185

### A. Standard Under RCW 4.84.185

"[T]he Court may award attorney's fees upon a finding that the lawsuit was 'frivolous and advanced without reasonable cause . . . .' RCW 4.84.185. 'A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts.' . . . '[A] defendant drawn into an action without reasonable cause and subjected to the claims against it that, considered as a whole, are frivolous, may be awarded expenses under RCW 4.84.185, regardless of the merit of the plaintiff's claims against other defendants.'"[13] *Pro se* parties can be ordered to pay fees.[14]

### B. An Award of Fees and Costs is Appropriate

LeadPoint and Reliance respectfully submit that an award of attorneys' fees is appropriate. After abandoning every other claim, Mr. Barton pursued a TCPA claim under 47 U.S.C. § 227(c)(5), which requires more than one call. Had Mr. Barton responded to the initial alleged text with "STOP," he would not have had the second call necessary to try to allege a claim. Nor would he have had a pretext to sue Reliance (or any other defendant). When Mr. Barton submitted his information and asked for calls, he was well versed in the TCPA – LeadPoint and Reliance located seven state court complaints signed or filed by Mr. Barton before March 2, 2021 alleging TCPA claims. Morales Decl., Ex. 7. Mr. Barton is now the "President" and "founder" of "TCPA University." *Id.* at ¶¶ 9-14, Exs. 8 and 10.

In his Complaints, Mr. Barton claimed he did this because he "could not ascertain the entity behind the solicitation." FAC, Dkt. No. 31-1 at 4:16-17. Brazenly, he added that after requesting calls and texts, he "eventually figured out this message was sent from or on behalf of LeadPoint" because he "[e]ventually . . . noticed" text that said LeadPoint on

---

[13] *Irving v. AMTRAK*, No. C13-5713 BHS, 2015 U.S. Dist. LEXIS 4023, *3-*4 (W.D. Wash. Jan. 12, 2015) (internal citations omitted). *See also Eller v. East Sprague Motors & R.V.'s Inc.*, 159 Wash. App. 180, 194 (2010).
[14] *Lucas v. Camacho*, No. C11-5350 BHS, 2012 U.S. Dist. LEXIS 133367 (W.D. Wash. Sept. 18, 2012) (awarding fees pursuant to RCW 4.84.185 against *pro se* plaintiffs); *Harrington v. Pailthorp*, 67 Wash. App. 901, 910-14 (1992) (affirming award of fees under RCW 4.84.185 against *pro se* plaintiff).

MOTION FOR ATTORNEYS' FEES - 6 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

homeequityquiz.com. *Id.* at 7:19-21 and 8:6-7. There was no need for Mr. Barton to ask for calls and texts to identify LeadPoint; each page on homeequityquiz.com said "LeadPoint." Decl. of Esteban Morales in Support of Motion to Dismiss and to Strike, Ex. B, Dkt. No. 33-3.

Having manufactured this lawsuit, Mr. Barton's claims primarily failed because he consented. Report and Recommendation, Dkt. No. 47 at 8-12. Report and Recommendation, Dkt. No. 47 at 8-12. The Court added that LeadPoint "argue[d] persuasively that the subject phone number is not a 'residential phone number' as a matter of law" (Order, Dkt. 52 at 3 n.2); though the Report and Recommendation did not reach the issue, Mr. Barton's admitted use of the telephone for "judicial branch advocacy," and representations in other litigation regarding a different personal cell phone, also warranted dismissal of his TCPA claim.

The Report and Recommendation also concluded that Mr. Barton's RCW 19.86.020 claim (only alleged against LeadPoint) should be dismissed because he admitted seeing LeadPoint on homeequityquiz.com. Report and Recommendation, Dkt. No. 47 at 10. As to the RCW 80.36.390(3) claim, the Report and Recommendation concluded that Mr. Barton did not state a claim because he did not allege a conversation took place nor that he made a do-not-call request during telephone contact, as required by the statute. *Id.* at 10-11. Mr. Barton conceded the issues by abandoning his state law claims. Dkt. 50 at 5:2-9.[15]

## IV. FEES ARE APPROPRIATE UNDER 28 U.S.C. § 1927 AND LCR 11

### A. Standards Under 28 U.S.C. § 1927 and LCR 11(c)

Under 28 U.S.C. § 1927, "[a]ny attorney or other person . . . who so multiplies the proceedings . . . unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Recovery is available based on a showing of "recklessness or bad faith. . . . Bad

---

[15] Though the above argument summarizes arguments and conclusions reached in the Report and Recommendation and Order dismissing Mr. Barton's claims, LeadPoint and Reliance raised several other arguments in their Motion to Dismiss and to Strike that the Court did not reach and that they maintain also warranted dismissal.

MOTION FOR ATTORNEYS' FEES - 7 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

faith is present when an attorney knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim for the purpose of harassing an opponent . . . ."[16] Section 1927 sanctions may be imposed upon a pro se plaintiff.[17] Additionally, a "party . . . who presents to the court unnecessary motions or unwarranted opposition . . . or who otherwise so multiplies or obstructs the proceedings in a case may . . . be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate." LCR 11(c).

### B. An Award of Fees and Costs is Appropriate

Defendants respectfully submit that an award of fees and costs is also appropriate because Mr. Barton unreasonably and vexatiously multiplied the proceedings by filing, and attempting to leverage, a meritless Motion to Remand, and by pursuing the First Amended Complaint.

LeadPoint removed this case on May 19, 2021 and its local counsel emailed Mr. Barton a copy of the Notice of Removal. Within *hours*, Mr. Barton emailed a copy of his Motion to Remand. Morales Decl., Ex. 1. The Motion opened with an argument regarding lack of diversity jurisdiction (LeadPoint did not raise this as a basis for jurisdiction). Motion to Remand, Dkt. No. 15 at 2: 2-6. The Motion advanced other meritless arguments contradicted in his initial, proposed amended, and First Amended Complaints. *Compare Id.* at 2: 8-12 *with* Dkt. 1-1 at 1:17-18, 2:3-4, and 4:9-10, Dkt. 24-1 at 3:8-12, 4:18, 5:17-20, and 8:19-21, *and* Dkt. 31 at 3:8-12, 4:3-4, 5:13-16, and 8:14-16. After he emailed his Motion to Remand, an attorney for a co-defendant asked Mr. Barton to clarify whether he was claiming that someone else had possession of his phone at the time of the alleged calls, to which Mr. Barton responded: "I think you have to work with what is in the complaint :) ." Morales Decl., Ex. 2. The following day, Mr. Barton tried to leverage his Motion (indicating he was aware Article III standing existed) for more discovery. *Id.* at Ex. 3.

---

[16] *Estate of Blas ex rel. Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986).
[17] *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

MOTION FOR ATTORNEYS' FEES - 8 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

Counsel for LeadPoint and Reliance asked Mr. Barton to withdraw the Motion on June 1. Morales Decl., Ex. 4. He initially disagreed and on the morning of June 3 attempted to leverage the Motion to add another defendant. *Id.* at Ex. 5. LeadPoint and Reliance, who were preparing an Opposition to the Motion, advised they would not agree to add another defendant, reserved their rights, and again emphasized that the Motion should be withdrawn. Minutes later, Mr. Barton agreed to withdraw the Motion and emailed his First Amended Complaint. *Id. One hour* after Mr. Barton tried to leverage his Motion, the First Amended Complaint now affirmatively alleged that the case belonged in this Court. FAC, Dkt. 31-1 at 3:8-12, *see also* 4:3-5, 5:13-16, and 8:15-16.[18] Approximately two weeks before LeadPoint removed the case and Mr. Barton emailed his Motion to Remand, Mr. Barton signed a Complaint and initiated a TCPA case in this Court, relying on the same allegations he eventually made in this case to support jurisdiction.[19]

Mr. Barton further unreasonably and vexatiously multiplied the proceedings by pursuing a First Amended Complaint that lacked factual and legal merit. As discussed above, Mr. Barton manufactured this case by requesting calls and texts after receiving an initial text addressed to someone else. After being presented with LeadPoint and Reliance's arguments in their initial Motion to Dismiss and Strike, Mr. Barton doubled down despite knowing that his claims failed because (among other things) he consented and the number was not residential.

Notably, Mr. Barton never denied submitting his phone number in the link he opened after receiving the first alleged text. The Report and Recommendation thus determined that

---

[18] Before agreeing to withdraw the Motion to Remand on June 3, on May 27 Mr. Barton signed a proposed amended complaint that he submitted to the Court. That proposed complaint contained the same allegations supporting Article III standing that he ultimately included in his First Amended Complaint. *See* Proposed Amended Complaint, Dkt. 24-1 at 3:8-12, 4:5-7, 5:17-20, and 8:20-21.

[19] As in this case, he alleged that "[j]urisdiction in this court is correct because of where Plaintiff resides, a nexus where the acts occurred, and Plaintiff is suing in part under federal statute the Telephone Consumer Protection Act. . . . giving rise to a lawsuit that may be brought in Federal Court pursuant to Mims v. Arrow Fin. Services, LLC." Morales Decl., Ex. 7, Complaint at 2:16-19.

MOTION FOR ATTORNEYS' FEES - 9 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

his TCPA claim, RCW 19.158.040(2),[20] 19.158.110(2),[21] and 19.158.150 claims should be dismissed due to consent. Report and Recommendation, Dkt. 47 at 7-12. And instead of explaining why his telephone number was residential, Mr. Barton alleged that he used his number for "judicial branch advocacy." FAC, Dkt. 31-1 at 4:1. Nor did he deny allegations in other proceedings regarding a separate cell phone number being used as his personal phone.[22]

As the Report and Recommendation concluded, Mr. Barton's RCW 19.86.020 claim against LeadPoint failed because, as Mr. Barton affirmatively alleged, the website linked in the March 2 text message said LeadPoint. Report and Recommendation, Dkt. 47 at 10:15-19. *See also* Declaration of Esteban Morales in Support of Motion to Dismiss and Strike, Ex. B, Dkt. 33-3. As to the RCW 80.36.390 claim, Mr. Barton was unable to allege a claim that comported with the plain language of the statute; he did not allege a conversation taking place and did not allege a do not call request during a call. Report and Recommendation, Dkt. 47 at 10:20-11:14.

In the First Amended Complaint, Mr. Barton also pursued a new set of claims under the Telemarketing Sales Rule. FAC, Dkt. 31-1 at 10:3-16. Mr. Barton abandoned those claims after conceding that he did not have a private right of action. Declaration of Esteban Morales in Support of Motion to Dismiss and Strike, Ex. H, Dkt. 33-9.[23]

---

[20] Mr. Barton only alleged that calls before 8 a.m. were made by LeadPoint after he consented and did not allege any such calls with respect to Reliance.
[21] The Report and Recommendation also determined this claim failed because Mr. Barton did not allege making a do-not-call request during a telephone contact. Report and Recommendation, Dkt. 47 at 12:1-5.
[22] As LeadPoint and Reliance argued in their Motion to Dismiss and Strike the First Amended Complaint, the number at issue could not form the basis of claims under RCW 19.158.040(2) and 80.36.390(3) for the same reason.
[23] Mr. Barton tacitly acknowledged the lack of merit of his state law claims by abandoning those claims as well when he objected to the Report and Recommendation. Objection to Report and Recommendation, Dkt. 50 at 5:2-9.

MOTION FOR ATTORNEYS' FEES - 10 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

## V.   FEES AND COSTS INCURRED

### A.   Total Time Spent Defending this Case

Defendants respectfully request an award of the total attorneys' fees, and non-taxable costs, LeadPoint spent defending itself and Reliance. LeadPoint incurred $155,853.00 in fees for its primary counsel, $3,140 in fees for its local counsel, and $970.80 in non-taxable costs.[24] Mintz attorneys who defended this case are Joshua Briones (Member), Esteban Morales (Senior Associate), and Matthew J. Novian (Associate). Hourly rates, which were discounted, were: J. Briones ($840); E. Morales ($660); M. Novian ($505).[25] Mintz attorneys were also supported by Debra Lambdin (Legal Specialist) and Sarah Johnson (Research Analyst). Ms. Lambdin's hourly rate in 2021 was $360 and Ms. Johnson's hourly rate was $220. Mintz attorneys spent the following time defending this case: J. Briones (20.1); E. Morales (131.2); and M. Novian (96.2). Ms. Lambdin and Ms. Johnson spent 13.5 hours assisting Mintz' attorneys in defending this case. Morales Decl., ¶¶ 15 and 22.

Omar Riojas (Partner) and Angela A. Trinh (Paralegal) of Goldfarb & Huck Roth Riojas also assisted in the defense of this case. Mr. Riojas assisted for 7.1 hours (at $350 per hour) and Ms. Trinh assisted for 8.2 hours (at $75 and $100 per hour). Declaration of Omar Riojas in Support of Motion for Fees, ¶¶ 2-5 and 8. Additional detail regarding the services provided are included in the concurrently filed supporting declarations. Morales Decl., ¶¶ 15-26, Exs. 12-17; Riojas Decl., ¶¶ 2-8.

### B.   Time Spent Addressing Mr. Barton's Motion to Remand and Defending this Case After the First Amended Complaint

In the event that the Court is inclined to award fees in connection with Mr. Barton's multiplication of the proceedings, Defendants provide additional information regarding fees

---

[24] Costs represent research charges from Lexis. Morales Decl., ¶ 15.

[25] *See e.g. Malico, Inc. v. Cooler Master USA Inc.*, No. C09-0732RAJ, 2010 U.S. Dist. LEXIS 150763, *3 (W.D. Wash. Sept. 1, 2010) (approximately eleven years ago, finding that rates of $575 for partner and $230 for junior associate at K&L Gates LLP and Dorsey & Whitney LLP were reasonable); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (approximately thirteen years ago, finding that Tousley Brain & Stephens rates of $760 to $475 and Keller Rohrback's rates of $660 to $415 per hour were reasonable).

MOTION FOR ATTORNEYS' FEES - 11 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

incurred as a result of Mr. Barton's Motion to Remand and following his filing of the First Amended Complaint. Mintz and Goldfarb spent 15.2 hours for a total of $8,600 addressing Mr. Barton's Motion to Remand: J. Briones (1.4); E. Morales (5.1); M. Novian (7.6); O. Riojas (.5); A. Trinh (.6). Morales Decl., ¶ 24; Riojas Decl., ¶ 8. Additionally, Mintz and Goldfarb attorneys and support staff worked 117.6 hours for a total of $71,502 defending this case after Mr. Barton filed his First Amended Complaint: J. Briones (10.1); E. Morales (66.4); M. Novian (35.1); D. Lambdin (.4); S. Johnson (1.6); O. Riojas (2.3); A. Trinh (2.1). Morales Decl., ¶ 25; Riojas Decl., ¶ 8. This time excludes time relating to the Motion to Remand.

## VI. CONCLUSION

Pursuant to RCW 4.84.185 LeadPoint and Reliance respectfully request an award of attorneys' fees and non-taxable costs. Additionally, they respectfully submit that an award of $80,102 is warranted pursuant to 28 U.S.C. § 1927 and LCR 11(c) for multiplying the proceedings. The Parties met and conferred by phone regarding this motion on January 21, 2022 and continued to discuss the motion thereafter but were unable to reach a resolution.

MOTION FOR ATTORNEYS' FEES - 12 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

Dated: February 4, 2022

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

*/s/ Esteban Morales*
Esteban Morales (*Admitted pro hac vice*)

*/s/ Matthew J. Novian*
Matthew J. Novian (Admitted *pro hac vice*)

2029 Century Park East, Suite 3100
Los Angeles, California 90067
Telephone: (310) 586-3200
E-mail:  emorales@mintz.com;
  mjnovian@mintz.com

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**

*/s/ R. Omar Riojas*
R. Omar Riojas, WSBA No. 35400

925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Telephone:  (206) 452-0260
Facsimile:  (206) 397-3062
E-mail:  riojas@goldfarb-huck.com

Counsel for Defendant LeadPoint, Inc. and Reliance First Capital, LLC

MOTION FOR ATTORNEYS' FEES - 13 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

                  */s/ Esteban Morales*
                  Esteban Morales

120847034v.5

MOTION FOR ATTORNEYS' FEES - 14 -
CASE NO.: 3:21-cv-05372-BHS

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200