**Judge:** The Honorable Judge Benjamin H. Settle
**Date of Hearing:** March 11, 2022
**Type of Hearing:** Motion for Attorneys' Fees

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| NATHEN BARTON,<br>　　　　　　Plaintiff<br>　　v.<br><br>LEADPOINT INC., & RELIANCE FIRST CAPITAL LLC<br>　　　　　　Defendants. | CASE NO. 3:21-cv-05372-BHS<br><br>PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] |

**TO:** The United States District Court Clerk's Office;
**TO:** Mintz Levin Cohn Ferris Glovsky & Popeo, P.C, Attorney for Defendants;
**TO:** Goldfarb & Huck Roth Riojas, PLLC**,** Attorney for Defendants

## I. INTRODUCTION

**COMES NOW**, the Plaintiff, Nathen Barton, by and through his counsel of record[1], Edward C. Chung with the law firm of CHUNG, MALHAS & MANTEL, PLLC and hereby respectfully submits Plaintiff's Response and Opposition to Defendants' Motion for Attorneys' Fees [DCK#61]. Plaintiff prays that the Court deny Defendants' Motion for Attorneys' Fees because: (1) The express Congressional

---

[1] Plaintiff has represented himself pro se throughout these proceedings and has retained the law firm of CHUNG, MALHAS & MANTEL, PLLC for the limited purposes of opposing Defendants' pending Motion for an Award of Attorneys' Fees.

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] - PAGE 1 OF 9

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

language of 28 USC § 1927 limits attorneys' fees to attorneys admitted to the Court, not *pro se* litigants advancing a Telephone Consumer Protection Act of 1991 ("TCPA") claim that has no statutory attorneys' fees; (2) Defendants fail to show any subjective bad faith where Plaintiff intentionally multiplied these proceedings vexatiously; (3) Defendants' have failed to satisfy the frivolous threshold under RCW 4.84.185, specifically how Plaintiff's claim is frivolous in its **entirety** and how it cannot be supported by "***any rational argumen*t based in fact and law**"[2] (4) Defendants do not address which specific Federal Rule or Local Civil Rule that Plaintiff has not complied with wherein sanctions are warranted[3]; and (5) Defendants' calculation of attorneys fees is based on hearsay and lacks foundation because it provides no itemization of time actually spent by Defendants ' counsel in defending Plaintiff's claims under the lodestar method. As such, Defendants' Motion for an award of attorneys' fees disregards that a minority of U.S. court recognize Plaintiff's claims as being colorable and even if this Court were to consider Plaintiff's claims frivolous, Defendants have failed to put forth competent evidence wherein any attorneys' fees award may be granted. Plaintiff's grounds for denying an award of attorneys' fees is predicated on the following:

//

//

//

---

[2] As a matter of law this cannot be the case as the U.S. Magistrates Report and Recommendation [Dck#47] clearly indicates, "***While there is a minority of courts that have found otherwise***, the great weight of authority holds that an individual who knowingly provides his telephone number to another party without limiting instructions has given her prior express consent to receive calls"

[3] It should be noted that the request for attorneys' fees is by motion, the Court did not invoke its inherent authority and issued a Show Cause Order as to why sanctions should not be imposed under LCR 11.

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] - PAGE 2 OF 9



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

## II. PLAINTIFFS' RESPONSE AND OPPOSITION

**A. As a Matter of Both Fact and Law, Defendants' Motion for Attorneys' Fees Pursuant to 28 USC § 1927 Must be Denied Because Congress Limited the Statute to Attorneys and Persons Admitted to Practice Law. Moreover, Defendants Proffers no Evidence of Subjective Bad Faith by Plaintiff.**

At the outset, factual and procedural context is important to assessing why Defendants' Motion for an Award of Attorneys must, as a matter of law, be denied. To begin with, Plaintiff is not an attorney or admitted to U.S. district to practice. He is representing himself pro se. In doing so, he alleged seven causes of action, Washington Automatic Dialing and Announcing Device Act ("WADAD"), the Washington Commercial Telephone Solicitation Act, and the Washington State Unfair Business Practices Act ("WCPA"), the U.S. Telephone Consumer Protection Act ("TCPA") and the Telemarketing Sales Rule ("TSR"). 28 USC § 1927 reads:

> Any **attorney** or other *<u>person admitted to conduct cases in any court of the United States</u>* or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*See*, 28 USC § 1927; *emphasis added*.

While Defendants cite, *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235-36 (9th Cir.1990)[4] to support 28 USC § 1927 sanctions on *pro se* litigants, that case dealt with a Plaintiff that initiated a lawsuit against the IRS for coercion, fraud and theft, causes of actions were facially not colorable. In the case at bar, that does not apply. Based on the record, Plaintiff's claims were dismissed pursuant to FRCP 12 (b) 6. A motion to dismiss for failure to state a claim is an early stage motion based on the failure to

---

[4] Its Plaintiff's counsel's position that the imposition of sections not recognized by Congress is a violation of the Rules Enabling Act, 28 U.S.C. § 2071-2077. There is currently a Circuit split on the applicability of 28 USC § 1927 with the Ninth, Second and Eighth Circuit taking different positions on the applicability of 28 USC § 1927.

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] - PAGE 3 OF 9



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile: (206) 264-9098

sufficiently plead the claims; it is not definitely not a $159,963.80 motion. Not surprising coming from a *pro se* litigant who, unlike Washington State court claims that require only notice pleading, his federal lawsuit had a heighten pleading standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). That aside, for Defendants' to prevail, the party seeking attorney fees and costs carries the burden of proving that Plaintiff's claims were frivolous under 28 USC § 1927 or under RCW 4.84.185. Plaintiff neither factually nor legally have overcome this burden. Why? Because to establish an award of attorneys' fees under 28 USC § 1927 there must be a finding of ***subjective bad faith***, see *Moore v. Keegan Mgmt. Co.* (In re Keegan Mgmt. Co. Sec. Litig.), 78 F.3d 431, 436 (9th Cir. 1996). Defendants proffer no competent evidence to meet this evidentiary threshold as there is no subjective bad faith that is contained on the record.  While Defendants try to tailor their motion to maintain that the Court made a finding that Plaintiff, "manufactured" his TCPA claim, this position may be disregarded and disposed of because on this Court's Order on Plaintiff's Motion for Reconsideration, the Court addressed that the assertion that Plaintiff's TCPA was manufactured was predicated on Defendants' factual and legal arguments and noted that Plaintiff did not share this position. Ergo, while there may an objective finding of vexatious litigation put forth by Defendants, there has been **no subjective finding** wherein this Court may warrant said sanctions under 28 USC § 1927.

**B. Based on this Court's Own Ruling, the Fact that Plaintiff Consented to a Text Does not Vitiate Plaintiff's TCPA Claim in a Minority of Jurisdictions.  As such, as a Matter of Fact and Law Defendants' Motion for Attorneys" Fees RCW 4.84.185 Fails Because not all of Plaintiff's Claims Were Frivolous nor not Supported by any Rational Argument.**

Under RCW 4.84.185, a trial court is authorized to award the prevailing party its reasonable expenses, including attorney fees, incurred in opposing a frivolous action. *Bldg. Indus. Ass'n of Wash. v.*

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] - PAGE 4 OF 9

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

*McCarthy*, 152 Wn. App. 720, 745, 218 P.3d 196 (2009). An award under this statute is available ***only when*** the action is frivolous in its ***entirety***. See, *State ex rel. Quick–Ruben v. Verharen*, 136 Wn.2d 888, 903, 969 P.2d 64 (1998). A frivolous action is one that "cannot be supported by ***any*** rational argument based in fact and law." *Curhan v. Chelan County*, 156 Wn. App. 30, 37, 230 P.3d 1083 (2010); *emphasis added*. In determining whether a claim is frivolous, a trial court "***must judge the reasonableness of a pleading not with the benefits of self-fulfilling hindsight but by examining what was known at the time the pleading was submitted.***" *Quick-Ruben*, 136 Wn.2d at 909.

In the instant case, the U.S. Magistrate recognized that there were a minority of jurisdictions that recognize Plaintiff's claims as being colorable despite the fact that he consented. Ergo, his claims have legal merit although not adopted by this Court. The facts in this case are not off track for initiating suit, especially if Plaintiff had obtained legal counsel at the inception of these proceedings, his case may have well survived a FRCP 12 (b) 6 motion. The grounds for dismissal relate to a factual contention that is arguable. It is not frivolous or vexatious on its face and Plaintiff has, in conjunction with this briefing, filed a declaration that sustains his position that his decision to proceed forward with this lawsuit was on good faith and he truthfully believed that his causes of action had legal merit. This is advanced by the fact that Plaintiff has apparently been previously successful in the same type of TCPA claims in separate proceedings.

**C. LCR 11 Sanctions are not Proper as There has Been no Showing of Vexatious Litigation or that Plaintiff has Multiplied the Proceedings Through a Violation of a Federal Rule of Civil Procedure or Local Rule of Procedure.**

Under LCR 11, U.S. district courts, through their inherent authority may issue an Order to Show Cause upon a party to show cause why sanctions should not be issued. The Court has not done that here in this case, instead Defendants seek to be compensated an award of attorneys' fees with the anemic

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] - PAGE 5 OF 9

Chung, Malhas & Mantel, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

proposition that Plaintiff has violated LCR 11. Similar to the other legal standards under 28 USC § 1927 or under RCW 4.84.185, Defendants add LCR 11 to its bucket wish list of sanctions. Unfortunately however, there has been no showing that Plaintiff has violated any specific local rule or federal rule of procedure. Again, Defendants prevailed on FRCP 12 (b) 6 motion. The TCPA does not allow an award of attorneys' fees. Why? Because it chills Plaintiff's rights to initiate causes of actions. As this Court is well aware, our U.S. Supreme Court has recognized the constitutional right to come into federal court and sue. *See*, *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 513 (1972) [**recognizing that the right of access to the courts stems from the First Amendment's right to petition the government**]. The right of access to the courts has been rooted in four constitutional provisions, "the privileges and immunities clause, the First Amendment, the due process clause, and equal protection clause." *Goldschmidt, et al*. ***One of the basic principles, one of the glories, of the American system of justice is that the courthouse door is open to everyone***," *See, NAACP v. Meese*, 615 F. Supp. 200, 205-06 (D.D.C. 1985). Imposing sanctions in the case at bar, disregards a litany of U.S. Circuit and district court decisions that recognizes the rights of every U.S. citizen to engage in a case and controversy to seek a legal remedy from our Article III courts.

**D. Defendants' Motion for an Award of Attorneys' Fees Fails to Meet its Burden of Production on the Reasonableness of Attorneys Fees Under the Lodestar Method as There is not Accounting on the Amount of Time that Attorneys' Actually Spent on This Case Other Than a Blanket Sum of $159,963.80 That Lacks Foundation and is Predicated on Hearsay.**

Defendants ask this Court to award $159,963.80 in attorneys fees exclusive of costs. While Defendants provide declaration on how much they charge in attorneys' fees, the motion does not comply with the lodestar method. The party seeking attorney fees and costs carries the initial burden of production to establish the reasonableness of the requested fee. See, *United States v. $28,000.00 in U.S. Currency*,

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] - PAGE 6 OF 9



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

802 F.3d 1100, 1105 (9th Cir. 2015) (*citing Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) and *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Once the applicant meets its burden of production, the court then determines whether the fee is reasonable. *$28,000.00 in U.S. Currency*, 802 F.3d at 1105 (*citing Blum*, 465 U.S. at 895 n.11 and Camacho, 523 F.3d at 980). A court has broad discretion in determining what is reasonable. Evidence that the Court should consider includes "[a]ffidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney." *See*, *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In the case at bar, Defendants provide piecemeal evidence on attorneys' fees that does ***not*** provide the actual amount of time spent by each person, supported by declarations of all attorneys (associate attorneys) alleged to have spent time working on this case. Before this Court may make any award, it must determine reasonableness and must provide Plaintiff with context how time was spent; this motion fails to do just that.

//

//

//

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] - PAGE 7 OF 9



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully asks that this Court deny Defendants' Motion for an Award of Attorneys' Fees.

*Respectfully submitted this 7th day of March, 2022.*

                        **CHUNG, MALHAS & MANTEL, PLLC.**

                        */s/ Edward C. Chung*
                        Edward C. Chung, WSBA # 34292
                        Attorney for Plaintiff, Nathen Barton

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] - PAGE 8 OF 9



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

## IV. DECLARATION OF SERVICE

I, Edward C. Chung, counsel of record for the Plaintiff, declare under penalty of perjury under the laws of the State of Washington that I caused copies of the foregoing document to be served using the United State District Court Electronic Case Filing ("ECF") System which shall provide automatically a copy to to Defendants' counsels of record:

*Respectfully submitted this 7th day of March, 2022.*

/s/ Edward C. Chung
Edward C. Chung, WSBA # 34292
Attorney for Plaintiff, Nathen Barton

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#61] - PAGE 9 OF 9

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098