**HONORABLE BENJAMIN H. SETTLE**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| NATHEN BARTON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LEADPOINT INC., RELIANCE FIRST CAPITAL LLC. LOANDEPOT LLC, GLOBAL EQUITY FINANCE INC., NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>　　　　Defendants. | Case No.: 3:21-cv-05372-BHS-TLF<br><br>**LEADPOINT, INC. AND RELIANCE FIRST CAPITAL, LLC'S REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**<br><br>**NOTE ON MOTION CALENDAR:**<br>**March 11, 2022** |

REPLY ISO MOTION FOR ATTORNEYS' FEES
AND NON-TAXABLE COSTS
CASE NO.: 3:21-cv-05372-BHS-TLF

MINTZ
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

I.      INTRODUCTION

LeadPoint, Inc. and Reliance First Capital, LLC (collectively, "Defendants") respectfully request that the Court grant their Motion for Attorneys' Fees and Non-Taxable Costs ("Motion for Fees"). Dkt. 61. As discussed below, the standards under RCW 4.84.185, 28 U.S.C. § 1927, and LCR 11 are all satisfied, including because Plaintiff consented as a matter of law when he manufactured this lawsuit. Contrary to Plaintiff's position, moreover, binding authority confirms that Section 1927 applies to *pro se* litigants. Additionally, Plaintiff's arguments regarding a lack of evidence in support of an award are contradicted by the evidence submitted with Defendants' opening brief (which includes time entries for the work performed).

To avoid the redress sought, Plaintiff now attempts to cast himself as an unsophisticated *pro se* litigant. This is not a basis to deny Defendants' Motion. It is also inaccurate. Mr. Barton currently operates a sophisticated website (which he does not address) called [www.tcpauniversity.com](www.tcpauniversity.com); after Defendants filed their Motion, noting that he had taken it offline, Mr. Barton placed the website back online but with all references to himself deleted. Nor does Mr. Barton deny filing the *twenty-two* other TCPA cases that Defendants cited in their opening brief. Motion for Fees at Pg. 6, n.4. Defendants respectfully request that the Court award their fees and non-taxable costs, totaling $160,484.98.[1] At the very least, Defendants submit that an award of $80,102.00 is warranted under 28 U.S.C. § 1927 and LCR 11(c).

II.     AN AWARD UNDER RCW 4.84.185 IS WARRANTED

A defendant "subjected to [] claims against it that, considered as a whole, are frivolous, may be awarded expenses under RCW 4.84.185, regardless of the merit of the plaintiff's claims against other defendants." *Irving v. AMTRAK*, No. C13-5713 BHS, 2015 U.S. Dist. LEXIS 4023, *3-*4 (W.D. Wash. Jan. 12, 2015) (internal quotations omitted).[2] A finding of bad faith is

---

[1] Defendants have included $476.00 in pro hac vice fees and $45.18 for courier costs, which were denied as taxable. *See* Dkt. 71 (awarding $411.80); *see also* Motion to Tax Costs, Dkt. 60, and Riojas Declaration, Dkt. 60-1.

[2] Plaintiff cites to *State ex. rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888 (1998) for the proposition that "a trial court 'must judge the reasonableness of a pleading . . . by examining what was known at the time the pleading was

REPLY ISO MOTION FOR ATTORNEYS' FEES
AND NON-TAXABLE COSTS
CASE NO.: 3:21-cv-05372-BHS-TLF - 1 -

MINTZ
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

not required. *See e.g. Highland Sch. Dist. No. 203 v. Racy*, 149 Wn. App. 307, 311 (2009) ("Nothing in the statute requires a court to find that the action was brought in bad faith . . . .")

Mr. Barton ultimately pursued only one TCPA claim under 47 U.S.C. § 227(c)(5), which required more than one call. Without a second text message or call, he would not have had a pretext to initiate the claim. Mr. Barton created that pretext by submitting his telephone number and asking for more calls and text messages; throughout this litigation, Mr. Barton has never denied submitting his telephone number. Mr. Barton claimed he did this to identify LeadPoint, only to affirmatively admit in his Complaints that he "[e]ventually . . . noticed" (Dkt. 31-1 at 8:6) text that said LeadPoint on the website linked in the initial alleged text message. In other words, there was no need to request the calls and text messages that made up his alleged grievances. Additionally, had he not requested the calls and text messages, *he would not have had any pretext to sue Reliance* (or other non-LeadPoint defendants). Though Defendants contend the entire case was frivolous, all claims were entirely frivolous at least as to Reliance, warranting an award.

Putting aside the frivolity of the fact-pattern, binding authority confirmed that Mr. Barton consented. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1046 (9th Cir. 2017) (providing telephone number in connection with gym membership was consent to receive calls related to gym membership).[3] Plaintiff's only argument for challenging the substance of Defendants' request under RCW 4.84.185 – that "a minority of jurisdictions . . . recognize Plaintiff's claims as being colorable despite the fact that he consented" (Opp. at 5) – is thus not a

---

submitted." Opposition ("Opp.") at 5. Plaintiff does not explain that the quotation comes from the dissent. Regardless, the proposition supports Defendants' position – by Mr. Barton's own admission, there was no reason for him to submit his telephone number and request calls and text messages because Mr. Barton was able to identify LeadPoint from the website in the initial alleged text message.

[3] Plaintiff did not deny that he was presented with a written disclosure advising him he was consenting. Defendants provided copies of that language, which was incorporated by Plaintiff's reference to the website on which he consented. Consequently, consent existed both (1) because Mr. Barton submitted his telephone number and (2) because he was advised that he was consenting to calls and text messages. Mr. Barton knows this is the law in the Ninth Circuit, having cited to *Van Patten*. *See* Plaintiff's Objection to Report and Recommendation, Dkt. 50, at 3.

REPLY ISO MOTION FOR ATTORNEYS' FEES
AND NON-TAXABLE COSTS
CASE NO.: 3:21-cv-05372-BHS-TLF - 2 -

Mintz
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

reason to deny the Motion.[4] Mr. Barton does not address any of the other bases that resulted in dismissal of his claims (including pursuing claims using a non-residential telephone number that he alleged was for "judicial branch advocacy"). Motion for Fees at 7:9-18.[5]

### III.  AN AWARD UNDER 28 U.S.C. § 1927 IS WARRANTED

#### A.  28 U.S.C. § 1927 Applies to *Pro Se* Litigants in This Circuit

Plaintiff initially argues that fees and costs should not be awarded because 28 U.S.C. § 1927 does not apply to *pro se* litigants. Opp. at 3 and n.4. Plaintiff is incorrect.

In *Wages v. IRS*, 915 F.2d 1230 (9th Cir. 1989), the Ninth Circuit explicitly held: "Section 1927 sanctions may be imposed upon a pro se plaintiff." 915 F.2d at 1235. Since then, courts (including the Ninth Circuit in a published decision), have regularly cited to *Wages* for that proposition. *See. e.g.*, *Myers v. Freescale Semiconductor*, No. 20-16592, 2022 U.S. App. LEXIS 2386, *1-*2 (9th Cir. Jan. 26, 2022) (affirming order granting motion for attorney's fees under 28 U.S.C. § 1927 against *pro se* plaintiff and citing *Wages*); *Harrell v. Hornbrook Cmty. Servs. Dist.*, 778 Fed. Appx. 472 (9th Cir. Sept. 24, 2019) (affirming order granting motion for attorney's fees and costs under 28 U.S.C. § 1927 against *pro se* plaintiff and citing *Wages*); *Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 471 (9th Cir. 1994) (awarding attorneys' fees under 28 U.S.C. § 1927 against *pro se* litigant); *Sanai v. Sanai*, No. C02-2165Z, 2005 U.S. Dist. LEXIS 54285, *10-*11 (W.D. Wash. Nov. 4, 2005) ("Although § 1927 refers to 'an attorney or other person admitted to conduct cases in the United States or any Territory thereof,' the Ninth Circuit has explicitly held that the statute extends to non-lawyer *pro se* parties. *See Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) . . . ."). Plaintiff fails to cite to any Ninth Circuit authority to the contrary and his *pro se* status is not a basis to deny this Motion. *PMT NPL Fin. 2015-1 v. Lee*, No. C17-01376RSL, 2018 U.S. Dist. LEXIS 4609, *5-*6 (W.D. Wash.

---

[4] Plaintiff also fails to cite to any authority that supported his theory.
[5] Mr. Barton claims that he has "apparently been previously successful in the same type of TCPA claims." Opp. at 5. Plaintiff's claimed alleged success in other cases has nothing to do with the claims he alleged here.

REPLY ISO MOTION FOR ATTORNEYS' FEES
AND NON-TAXABLE COSTS
CASE NO.: 3:21-cv-05372-BHS-TLF - 3 -

MINTZ
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

Jan. 10, 2018) ("When faced with litigation abuses by a *pro se* party, a court 'cannot . . . decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*.'").

### B.   The Standard Under 28 U.S.C. § 1927 Is Satisfied

Without discussing *Moore v. Keegan Mgmt. Co. (In re Keegam Mgmt. Co., Sec. Litig.*), 78 F.3d 431 (9th Cir. 1996), Plaintiff claims this Motion should be denied because of a lack of "subjective bad faith." *Moore* stated the following regarding bad faith:

> [S]ection 1927 sanctions 'must be supported by a finding of subjective bad faith.' . . . 'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.' . . . For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass.

78 F.3d at 436 (internal citations omitted).

The conduct at issue meets that standard. Plaintiff entirely fails to address his Motion to Remand which was, at best, a reckless and frivolous motion (if not intended to harass). As detailed in Defendants' opening brief, Plaintiff emailed his Motion to Remand *hours* after receiving a copy of the Notice of Removal. The motion opened with an inapplicable argument (regarding diversity jurisdiction) and advanced standing arguments that *Plaintiff contradicted* in his pleadings (including a separate federal court complaint that plaintiff filed less than two weeks before and in which he argued that a TCPA claim belonged in federal court). Based on the timing of the Motion to Remand (again just hours after receipt of the Notice of Removal) and the arguments it contained, the Motion to Remand either was not vetted or the alleged facts and law were ignored. When asked to clarify why he was pursuing the motion, Mr. Barton responded with a flippant smiley face: "I think you have to work with what is in the complaint :) ."[6]

---

[6] Declaration of Esteban Morales, Dkt. 61-2, ¶ 3, Ex. 2.

REPLY ISO MOTION FOR ATTORNEYS' FEES
AND NON-TAXABLE COSTS
CASE NO.: 3:21-cv-05372-BHS-TLF - 4 -

MINTZ
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

The First Amended Complaint was likewise recklessly, if not knowingly, frivolous. Mr. Barton ultimately abandoned every claim (including one for which a private right of action did not exist) except for his 47 U.S.C. § 227(c) claim, which required more than one telephone call. Mr. Barton claims to have responded to the initial alleged text message by submitting his information (including *his telephone number*) to "reveal the entity behind the solicitation." Amended Complaint, Dkt. 31-1, 4:19-20. By his own admission, the website "revealed" LeadPoint and there was no need to consent to calls and texts to manufacture a pretext to sue five parties. *Id.* at 8:6-7. Mr. Barton's feigned excuse is belied by a sophisticated website (www.tcpauniversity.com) that he created to propagate claims, in which he boasted about his experience with these claims, which he has since modified to erase references to himself, and which he completely fails to address.

### IV.   AN AWARD UNDER LOCAL CIVIL RULE 11 IS WARRANTED

Plaintiff mischaracterizes Local Civil Rule 11(c). That rule allows the Court to require that a party "satisfy personally . . . excess costs" and to issue "other sanctions as the court may deem appropriate." LCR 11(c). Sanctions may be imposed on an:

> attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, **or who presents to the court unnecessary motions** or unwarranted opposition to motion . . . **or who otherwise so multiplies or obstructs the proceedings in a case** . . . .

*Id.* (emphasis added). Plaintiff's argument, that "there has been no showing that [he] violated any specific local rule or federal rule," is irrelevant to Defendants' LCR 11 request. Opp. at 6.[7] Defendants maintain that recovery of their fees and costs is appropriate because Plaintiff pursued an unnecessary Motion to Remand and meritless claims in the First Amended Complaint, costing LeadPoint $80,102 ($8,600 of which is attributable to the Motion to Remand).[8]

---

[7] Plaintiff concedes "there may [be] an objective finding of vexatious litigation put forth by Defendants." *Id.* at 4.
[8] Mr. Barton has continued to engage in resource-expending gamesmanship. After Defendants filed their Motion for Fees, Mr. Barton apparently engaged an attorney, Jesse D. Conway. On February 8, 2022, Mr. Conway emailed counsel for Defendants, advising that he had been retained by Mr. Barton. Mr. Conway asked for an extension to respond to LeadPoint's Motion for Fees, and indicated that Plaintiff was prepared to negotiate to resolve the case or

REPLY ISO MOTION FOR ATTORNEYS' FEES
AND NON-TAXABLE COSTS
CASE NO.: 3:21-cv-05372-BHS-TLF - 5 -

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

## V. DEFENDANTS HAVE PRESENTED SUFFICIENT EVIDENCE

Contrary to Plaintiff's position, Defendants have presented sufficient evidence for an award. Plaintiff argues that "[e]vidence . . . the Court should consider includes '[a]ffidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . .'" Opp. at 7. That is precisely what Defendants submitted. *See* Motion for Fees at 11 and n.25 (discussing rate determinations in other cases); Declaration of R. Omar Riojas, Dkt. 61-1, ¶ 6 (discussing rates charged in community and citing to authority).

Plaintiff also claims the Motion does not "provide the actual amount of time spent by each person, supported by declarations of all attorneys (associate attorneys) alleged to have spent time working on this case." Opp. at 7. In fact, in addition to describing the work performed (broken down into increments per person), Defendants submitted each law firm's time entries; those time entries reflect the person billing time, entries submitted by that person describing the work performed, time spent, and rates charged.[9] *See* Motion for Fees, Dkt. 61, 11-12; Riojas Decl., Dkt. 61-1, ¶¶ 4-8; Morales Decl., Dkt. 61-2, ¶¶ 15-26, Exs. 16-17.[10]

## VI. CONCLUSION

Defendants respectfully request that the Court award $160,484.98 in fees and costs, and at least $80,102.00 under 28 U.S.C. § 1927 and LCR 11(c).

---

pending motions. On Friday, February 11, 2022, counsel for Defendants re-noted the Motion for Fees and the then-pending Motion for Taxable Costs in response to Mr. Conway's request and representations. On Tuesday, February 15, 2022, Mr. Conway filed a Motion to Withdraw as Attorney. Dkt. 66. Defendants received no explanation for the sudden filing of the Motion to Withdraw as Attorney soon after the requested extensions were secured. Nor have there been any attempts, as represented, to try to resolve the case or any motion.

[9] Defendants respectfully submit that they have provided sufficient evidence to support their request under a lodestar analysis. Additionally, the Court may, but is not required to, use a lodestar analysis under RCW 4.84.185. *See e.g. Highland Sch. Dist. No. 203 v. Racy*, 149 Wn. App. 307, 314 (2009) ("We find no authority for the proposition that the trial court *had* to use a lodestar analysis under RCW 4.84.185. The amount and methodology for imposing sanctions was left to the trial court.") (emphasis in original).

[10] Without further elaboration, Plaintiff states that this is "not definitely a $159,963.80 motion." Opp. at 4. Plaintiff ignores the numerous theories he alleged in his initial and First Amended Complaint requiring two dispositive motions, that the amount was for the defense of two separate defendants, and additional work performed to defend this case (including removal and time spent addressing Plaintiff's frivolous Motion to Remand).

REPLY ISO MOTION FOR ATTORNEYS' FEES
AND NON-TAXABLE COSTS
CASE NO.: 3:21-cv-05372-BHS-TLF - 6 -

MINTZ
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

| | |
|---|---|
| **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**<br>*/s/ Esteban Morales*<br>Esteban Morales (Admitted *pro hac vice*)<br>*/s/ Matthew J. Novian*<br>Matthew J. Novian (Admitted *pro hac vice*)<br>2029 Century Park East, Suite 3100<br>Los Angeles, California 90067<br>Telephone: (310) 586-3200<br>E-mail: emorales@mintz.com;<br>mjnovian@mintz.com | **GOLDFARB & HUCK ROCH RIOJAS, PLLC**<br>*/s/ R. Omar Riojas*<br>R. Omar Riojas, WSBA No. 35400<br>925 Fourth Avenue, Suite 3950<br>Seattle, WA 98104<br>Telephone: (206) 452-0260<br>Facsimile: (206) 397-3062<br>E-mail: riojas@goldfarb-huck.com<br>*Counsel for Defendant LeadPoint, Inc. and Reliance First Capital, LLC* |

REPLY ISO MOTION FOR ATTORNEYS' FEES
AND NON-TAXABLE COSTS
CASE NO.: 3:21-cv-05372-BHS-TLF - 7 -

**MINTZ**
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 11, 2022, I caused the foregoing document to be served by email on counsel for Plaintiff at the email address echung@cmmlawfirm.com due to a CM/ECF System Outage.  I also caused a copy of the foregoing document to be served by mail at:

Edward C. Chung, Esq.

Chung, Malhas & Mantel, PLLC

1037 NE 65th Street, Suite 80171

Seattle, Washington 98115

*/s/ Esteban Morales*
Esteban Morales (*admitted pro hac vice*)

REPLY ISO MOTION FOR ATTORNEYS' FEES
AND NON-TAXABLE COSTS
CASE NO.: 3:21-cv-05372-BHS-TLF - 8 -

MINTZ
2029 CENTURY PARK EAST, SUITE 3100
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

122948579v.3