UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN W. BARTON,

        Plaintiff,

  v.

LEADPOINT, INC., et al.,

        Defendants.

CASE NO. C21-5372 BHS

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES

THIS MATTER is before the Court on Defendants Leadpoint, Inc. and Reliance First Capital LLC's Motion for Attorneys' Fees, Dkt. 61, following this Court's Order, Dkt. 52, Adopting the Magistrate Judge's Report and Recommendation, Dkt. 47, and dismissing with prejudice Plaintiff Nathen Barton's Telephone Consumer Protection Act ("CPA") claims. Barton sought reconsideration, Dkts. 54 and 57, those motions were denied. Barton has appealed. Dkt. 65.

ORDER - 1

Defendants (together "Leadpoint" for ease of reference) argue that Barton, a serial[1] pro se[2] TCPA litigant, willingly provided the number for his "judicial branch advocacy" cell phone, in a bad faith effort to "manufacture" a TCPA claim. Dkt. 61. When he received additional calls, he sued five defendants in state court, alleging federal law (TCPA) claims. *See* Dkt. 1-1. Leadpoint removed the matter here on May 19, 2021. Dkt. 1. Within hours, Barton emailed Leadpoint a motion for remand, Dkt. 61-2 at 20, and when counsel inquired about its substance, he replied "I think you have to work with what is in the complaint :)," *id*. at 19.

Barton filed his motion May 24, 2021, seeking remand under the "forum defendant rule"—which does not apply to this Court's federal question jurisdiction under 28 U.S.C. § 1331—and on his claim that Leadpoint had failed to establish that Barton had Article III standing. Dkt. 15. Leadpoint argues and demonstrates that Barton offered to withdraw his motion in exchange for extended discovery. Dkt. 61-2 at 23. It also points out that on May 7, 2021—before he sent or filed his motion to remand—he had filed a TCPA action in this Court against another defendant, affirmatively alleging that the Court had subject matter and personal jurisdiction. *See Barton v. Serve All Help All*, No. 21-cv-5338 BHS, Dkt. 1 at 2.

---

[1] Leadpoint alleges Barton has filed 24 such cases, and the Court is aware of a dozen in this district.

[2] Barton retained counsel in this case after Leadpoint filed this Motion. Dkt. 72.

ORDER - 2

1   Leadpoint argues that Barton's claims were demonstrably frivolous and seeks an
2 award of attorneys' fees and non-taxable costs totaling $159,963.80, under 28 U.S.C.
3 § 1927, Local Rule 11(c), and RCW 4.84.185. Dkt. 61.
4   Barton denies that his claim was frivolous or that he asserted any claim or
5 argument in bad faith. He argues that § 1927 applies only to attorneys, not to pro se
6 litigants, and that it was not frivolous to assert a TCPA claim despite consenting to the
7 calls upon which those claims were necessarily based. Dkt. 74. He argues that Leadpoint
8 cannot demonstrate that his claim was frivolous in its entirety, and claims he has
9 successfully asserted other TCPA claims. Barton argues that the fees requested are not
10 supported and that the request is thus hearsay, and that Leadpoint has not demonstrated
11 that the fees are reasonable. The issues are discussed in turn.

## I.  DISCUSSION

**A.  § 1927 applies to pro se litigants.**

  Barton argues that § 1927 is not a statutory basis for a fee award against a pro se litigant. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Barton argues that he is not admitted to practice in this Court and is not an attorney, leaving the Court unable to sanction him under this statute. Dkt. 74 at 3–4. Leadpoint argues that binding authority confirms that a pro se litigant is subject to fees under § 1927. Dkt. 75 at 4–5. As Leadpoint accurately points out, *Wages v. Internal*

*Revenue Service*, 915 F.2d 1230, 1235–36 (9th Cir. 1990) affirmed a § 1927 award of attorneys' fees against a pro se litigant who acted in bad faith: "Section 1927 sanctions may be imposed on a pro se plaintiff, despite [plaintiff's] protestations to the contrary."

Barton seeks to distinguish *Wages* because the pro se plaintiff's claims there were "not colorable." That is not a distinction from this case. § 1927 applies to pro se litigants.

**B.     Barton's claim was frivolous and asserted in bad faith.**

Leadpoint argues in sum that because Barton willingly consented to receive the calls, using a phone he concedes he purchased for use in his TCPA advocacy, it was frivolous and bad faith to assert TCPA claims based on the calls he unsurprisingly received. It also relies on Barton's filed but ultimately withdrawn motion to remand, which was baseless and which he offered to withdraw if all five defendants agreed to give him additional discovery. Leadpoint also points out an important fact that Barton ignores entirely: he holds himself out to the world as an expert in TCPA litigation, and runs (or at least ran, until sometime after January 21, 2022) a website called "TCPA University" which offers "consulting" on how to "stand up to [t]elemarketers." *See* Dkt. 61-2 at 4 and 110 ("I have been taking telemarketing companies like this to court one phone number at a time, resulting in enormous compensation for the damages. I'm talking several tens of thousands of U.S. dollars . . . and it keeps coming.").

The Court may award of fees under § 1927 based on bad faith:

> [S]ection 1927 sanctions must be supported by a finding of subjective bad faith. Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of

1  harassing an opponent. For sanctions to apply, if a filing is submitted
   recklessly, it must be frivolous, while if it is not frivolous, it must be
2  intended to harass.

3  *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (internal

4  quotations and citations omitted).

5  Washington law similarly permits a court to award attorneys' fees to a party

6  asserting frivolous claims without reasonable cause:

7  In any civil action, the court having jurisdiction may, upon written findings
   by the judge that the action, counterclaim, cross-claim, third party claim, or
8  defense was frivolous and advanced without reasonable cause, require the
   nonprevailing party to pay the prevailing party the reasonable expenses,
9  including fees of attorneys, incurred in opposing such action, counterclaim,
   cross-claim, third party claim, or defense. This determination shall be made
10 upon motion by the prevailing party after a voluntary or involuntary order
   of dismissal, order on summary judgment, final judgment after trial, or
11 other final order terminating the action as to the prevailing party.

12 RCW 4.84.185.

13 Finally, Western District of Washington Local Rule 11(c) also authorizes an award

14 of attorneys' fees and costs where a party unjustly multiplies legal proceedings:

15 An attorney or party who without just cause fails to comply with any of the
   Federal Rules of Civil or Criminal Procedure, these rules, or an order of the
16 court, or who presents to the court unnecessary motions or unwarranted
   opposition to motions, or who fails to prepare for presentation to the court,
17 or who otherwise so multiplies or obstructs the proceedings in a case may,
   in addition to or in lieu of the sanctions and penalties provided elsewhere in
18 these rules, be required by the court to satisfy personally such excess costs
   and may be subject to such other sanctions as the court may deem
19 appropriate.

20 LCR 11(c). In short, federal, state, and local law permit a court to impose a

21 sanction in the form of attorneys' fees when a party asserts frivolous claims and

22 arguments or litigates in bad faith.

1    Barton argues that his claims were not frivolous or asserted in bad faith, though he
2    concedes that he willingly provided his phone number and affirmatively consented to the
3    resulting calls that formed the basis for this lawsuit. He did so using a phone he admits
4    was not his "residential" phone; it was a "judicial branch advocacy" phone he purchased
5    for just this purpose, to "tak[e] telemarketing companies . . . to court one phone number
6    at a time," for "enormous compensation." Dkt. 61-2 at 110. The number he gave was for
7    a business phone, used to create, build, manufacture, collect evidence in support of—the
8    precise verb is not important—his TCPA claim. He freely admitted as much on his
9    website. *Id.* at 103–114. He wanted and intended to receive calls on his business phone,
10   so that he could sue.

11   Barton argues that his claim could not have been frivolous because there is a
12   minority view in other jurisdictions that one who consents may nevertheless assert a
13   TCPA claim. Dkt. 74 at 5. He does not cite any such authority, and he does not address
14   why asserting a claim that is not recognized in this jurisdiction is non-frivolous because it
15   might have been plausible somewhere else. As the Magistrate Judge's R&R discussed,
16   the FCC explained in 1992 that consent is a defense to a TCPA claim. Dkt. 47 at 9.
17   Barton also argues that he has been "previously successful" in the same type of TCPA
18   claims in separate proceedings, but does not explain or demonstrate what that means, or
19   explain how the fact that some other case was meritorious leads to the conclusion that
20   this case could not be frivolous. Dkt. 74 at 5. Barton also argues that imposing a fee
21   sanction on a pro se litigant will chill his First Amendment right to petition the
22   government. *Id.* at 6.

The Court has little trouble concluding both that the claims based on the calls Barton invited were frivolous, and that they were intended to harass Leadpoint in the name of making telemarketers "compensate" him. The same is true of Barton's motion to remand, and his attempt to leverage it. One does not need to be an attorney to know that filing a motion to remand based on a lack of subject matter jurisdiction is frivolous and not made in good faith, when he had recently filed a substantially similar TCPA lawsuit in this Court, affirmatively alleging that the Court *did* have subject matter jurisdiction over such claims. And one need not be an attorney to be sanctioned for this sort of sharp practice. The fact that Barton withdrew his motion before Leadpoint's response was due does not alter the fact that it spent attorney time and effort preparing to respond to it.

Leadpoint also argues that Barton's "gamesmanship" has continued, even as to the current motion. Dkt. 75 at 6–7 n.8. Attorney Jesse Conway appeared on Barton's behalf three days after the motion was filed. Dkt. 62. Leadpoint asserts that Conway asked for an extension of time to respond to the motion, and to discuss resolving it out of court. Leadpoint agreed and re-noted its motion, giving Barton two extra weeks to respond. Dkt. 64. Four days later, Conway withdrew, Dkt. 66, and on March 4, Barton's current attorney, Edward Chung, appeared. Dkt. 72. Chung responded to the motion, but Leadpoint asserts that no discussions about resolving the case ensued. Dkt. 75 at 6–7 n.8.

The Constitutional right to petition the government does not permit one to harass defendants with baseless motions or to file frivolous claims with impunity. Leadpoint's motion for attorneys' fees based on the frivolous, harassing, bad faith nature of Barton's TCPA claim and his litigation tactics, is GRANTED.

**C.  Leadpoint is entitled to a reasonable fee for successfully defending Barton's claim.**

Under the lodestar method, a court determines how many hours were reasonably expended in the litigation and then multiplies those hours by a reasonable hourly rate. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Leadpoint seeks $160,484.98 in fees and costs under RCW 4.84.185, or "at least" $80,102 under § 1927 and LCR 11(c). Dkt. 75 at 7. The fee request is supported by Counsel's Declaration, describing the work that was done, and by whom. Dkt. 61-2The fees incurred are evidenced by the bills Leadpoint's counsel sent to its client, for defending both Leadpoint and Reliance in this matter. Dkt. 61-2 at 154–199.

Barton objects to counsel's bills as hearsay, and argues that the fee request lacks foundation. He argues that the bills "do not comply with the lodestar method." Dkt. 74 at 6. These objections are without merit. Counsel's thorough Declaration includes the actual bills sent to his client for work performed defending this case. He describes the work performed, the attorneys who performed it, their experience, their rates, and the rates in their community. Dkt. 61-2. The declaration is made on counsel's personal knowledge, and is consistent in form and content to the fee applications frequently submitted in this Court. The Declaration is no more hearsay than is Barton's own Declaration in opposition to the motion, Dkt. 74-1.

Barton's response addresses the merits of his underlying claim and the standard for sanctions, but does not delve deeply into the reasonableness of the fees Leadpoint's

attorneys spent on this case. He argues, briefly but persuasively, that Leadpoint's successful motion to dismiss was "not a $159,963.80 motion." Dkt. 74 at 4.

The Court agrees that Leadpoint is entitled to a reasonable fee for successfully defending[3] a frivolous lawsuit. It cannot agree that the rates or hours reflected in the Morales Declaration, Dkt. 61-2, are reasonable[4] in this community, or for this case. "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotations omitted). Generally, "the relevant community is the forum in which the district court sits." *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

First, while the rates may be reasonable in Los Angeles, the relevant community is Tacoma, Washington, where the Court recently held that $600 per hour for an experienced partner in a complicated civil rights case was reasonable. *See Berg v. Bethel School Dist.*, No. 18-cv-5345 BHS, at Dkt. 199. Leadpoint seeks rates of $840 for a Member who oversaw the defense, $660 per hour for Mr. Morales, a Senior Associate who performed the majority of the work, and $505 per hour for Mr. Novian, a Junior Associate. Dkt. 61 at 15. Leadpoint also seeks time for two support staff (at $360 and $220 per hour). These rates are not being paid in this community.

---

[3] Leadpoint defended itself and Defendant Reliance. Dkt. 75.

[4] The Court does not doubt that the fees were actually billed, and presumably paid. This Order is not a criticism of the amount or quality of the work performed.

ORDER - 9

Second, this was a frivolous case brought by a pro se litigant, dismissed on the first try. In the context of a reasonable fee, these facts are actually helpful for Mr. Barton. The Court has no quarrel with the quality of the work or with the defense team's decision to vigorously defend the case. It is undoubtedly true that some of the fees were also incurred because of Barton's tactics. But it would not be reasonable for Barton to pay for all of the hours spent by five professionals to prevail on their first effort to have it dismissed. The defense of this case was thorough and successful, but the Court agrees that it was not a $160,000 defense; it was never a $160,000 case.

The Court concludes that a reasonable rate is $500 per hour and that even with the additional work created by Barton, the matter could have been resolved by one or two attorneys spending 80 total hours. The Court will therefore award reasonable attorneys' fees of **$40,000.00**. The Court will not assess additional costs. The Clerk shall enter an amended Judgment reflecting this award, and close the case.

**IT IS SO ORDERED.**

Dated this 31st day of May, 2022.

BENJAMIN H. SETTLE
United States District Judge