The Honorable Judge Benjamin H. Settle

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

NATHEN BARTON,

             Plaintiff

         v.

LEADPOINT INC., & RELIANCE
FIRSTCAPITAL LLC

             Defendants.

CASE NO. 3:21-cv-05372-BHS

*AMENDED* PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#76]

**TO:** The United States District Court Clerk's Office;
**TO:** Mintz Levin Cohn Ferris Glovsky & Popeo, P.C, Attorney for Defendants;
**TO:** Goldfarb & Huck Roth Riojas, PLLC**,** Attorney for Defendants

## I.   INTRODUCTION AND RELIEF REQUESTED

**COMES NOW** the Plaintiff, Nathen Barton, by and through his counsel of record, Edward C. Chung with the law firm of CHUNG, MALHAS & MANTEL, PLLC, and hereby respectfully submits Plaintiff's Motion for Reconsideration of the May 31, 2022, Court Order Granting Defendants' Motion for Attorneys' Fees [DCK#76] ("Order"). Plaintiff prays that the Court reconsider its award of attorneys' fees to Defendants and deny Defendants an award of attorneys' fees for reasons set forth below. The factual and legal grounds for granting Plaintiff's Motion for Reconsideration is predicated on the following:

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999   ♦   Facsimile (206) 264-9098

1

2

## II.   <u>FACTUAL BASIS FOR RECONSIDERATION</u>

3

4          Plaintiff's grounds for reconsideration is that the May 31, 2022 court order granting attorneys fees

5   contain factual errors that are the basis for the Court award of attorneys fees and disregards Ninth Circuit

6   Court published authority in *Van Patten v. Vertical Fitness Group*, LLC, 847 F. 3d 1037, (9th Cir. Jan.

7   30, 2017) wherein Mr. Barton, as a matter of law, could revoke consent under the TCPA. In this Court's

8   May 31, 2022 Court Order, it maintains that Plaintiff's claim was frivolous and asserted in bad faith.  In

9   support of these conclusions, the Court relies in large part on what it calls "**<u>an important fact</u>**" that

10  Plaintiff "runs . . . a website called 'TCPA University'" in which Plaintiff is alleged to have held "himself

11  out to the world as an expert in TCPA litigation" and offered consultation regarding how to respond to

12  illegal telemarketers.  *See* Order, Page 4, Section B.  However, the facts simply do not support these

13  conclusions because Plaintiff never "ran" such a website and, therefore, the existence of the website cannot

14  be used against Plaintiff.

15          Plaintiff did not create or run the website referred by Defendants and the Court. The website was

16  dreamt up by a website developer, Diana Bartolme, after Plaintiff had casual discussions with her about

17  his knowledge of the TCPA on a hiking trip.   Ms. Bartolme  decided on her own to create a website

18  related to how to respond to illegal telemarketers.  At the time they met, in August or September 2021,

19  Ms. Bartolme was in the process of building her own marketing company, DB Product Marketing

20  Services.  Ms. Bartolme believed that a such a website could be beneficial to her marketing business and,

21  possibly, might be used in some undefined manner by Plaintiff as well. Over the next few months, Ms.

22  Bartolme created a template website related to the TCPA and made up several quotes she credited to

23  Plaintiff.  These quotes, which included the quote referred to by Defendants in their *Motion for Attorneys'*

24  *Fees* (Dkt. 61), "I have been taking telemarketing companies like this to court one phone number at a

25

26

27

28

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ◆  Facsimile (206) 264-9098

time, resulting in enormous compensation for the damages.  I'm talking several tens of thousands of U.S.

dollars . . .  and it keeps coming" were never said, written, or otherwise made by Plaintiff.  As Ms.

Bartolme says in her Declaration of Diana Bartolme in Support of Plaintiff's Motion for Reconsideration

of Order Granting Attorneys' Fees:

> All language and content on the website I created (tcpauniveristy.com) were my invention used to attract, educate, and motivate intended audiences to action. Specifically, Nathen never actually said "I have been taking telemarketing companies like this to court one phone number at a time, resulting in enormous compensation for the damages. I'm talking several tens of thousands of U.S. dollars . . . and it keeps coming." All quotes used on the website were, and are, invented by me with the intent to personify the brand with fictional characters.

See Paragraph 5.

Further, Ms. Bartolme never provided Plaintiff with access to the website's content while it was

being developed or after its release.  It was and is completely owned and "run" by Ms. Bartolme on her

own web hosting and web publishing accounts.  See Paragraph 6. As stated in Declaration of Nathan

Barton in Support of Plaintiff's Motion for Reconsideration of Order Granting Attorneys Fees, it is clear

that Plaintiff had no role in the content of the website.  He did not provide Ms. Bartolme with any of his

own words or quotes to use on the website and, had he known what she had posted, would have asked her

to delete them.  When the website was released, Plaintiff determined that he would not have any use for

it and  asked Ms. Bartolme to take it down.  See Paragraphs 6, 7, 8, 9, and 10.  Simply put, Ms. Bartolme

was intrigued by the casual conversations she had with Plaintiff regarding the TCPA and was inspired to

*AMENDED* PLAINTIFF'S MOTION TO RECONSIDERATION OF THE
MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION
FOR ATTORNEYS' FEES [DCK#76] - PAGE 3 OF 12

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

create a website to promote her own marketing company.  Plaintiff did not instigate the website or have any control over its content, did not use it personally, and asked that it be taken down once it was released.[1]

As this Court is aware, the parties do not dispute that Mr. Barton received texts from Defendants. It is also undisputed that the TCPA regulates both calls and prohibits text messages to cellular phones using an automatic telephone dialing system (an "autodialer") unless the individual being called has provided express consent. Sanction appears to be based on the position that Mr. Barton consented/invited these texts. However, the Court ignores the material fact of Mr. Barton's revocation of consent and that 44 days after the DNC Request, LeadPoint sent Mr. Barton further solicitation text and on April 14, 2021, Reliance Capital initiated a solicitation call to Mr. Barton, 38 days after the DNC Request). The record also reflects that Mr. Barton pointed out that LeadPoint and Reliance placed phone calls to Plaintiff for the next 25 days of the 30-day post DNC Request timeframe which is a per se violation of 47 C.F.R. §64.1200(d)(3). In consideration of the foregoing revocation and applicable Ninth Circuit authority wherein Plaintiff's claim are not only **not** frivolous, Mr. Barton should have survived Defendants' motion for dismissal.

### III.    ISSUES PRESENTED

1. Whether the motions, pleadings, declarations on the record and manifest justice requires that the Court reconsider its May 31, 2022 Court Order and award relief stated herein.

---

[1] The website "tcpauniversity.com" is currently accessible via the internet.  It does not contain any of the language alleged by Defendants and clearly states it is "for demonstrative purposes only."  *See Declaration of Diana Bartolme in Support of Plaintiff's Motion for Reconsideration of Order Granting Attorneys Fees*.

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

1

2

## IV. <u>EVIDENCE RELIED UPON</u>

Plaintiff's Motion for Reconsideration relies upon all motions, pleadings, declarations contained in

3

4

the Court record and attached hereto and such other evidence as may be considered by this Court.

5

## V. <u>LEGAL ARGUMENT</u>

6

### A.  Standard for a Motion for Reconsideration

7

8

According to the Ninth Circuit Court of Appeals, a successful motion for reconsideration must

9

accomplish two goals. First, it must demonstrate some reason why the court should reconsider its prior

10

decision. *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999); citation omitted.

11

Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the

12

court to reverse its prior decision. Id. Courts have established three grounds justifying reconsideration: (1) an

13

intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear

14

error or prevent manifest injustice. *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998);

15

*Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw.1987), *rev'd on other grounds*, 863

16

F.2d 617 (9th Cir. 1988); *emphasis added*. Here there is both new evidence and a clear error to correct to

17

prevent a manifest injustice of awarding attorneys' fees.

18

19

At the outset it is important to note that as long as "***a party has set forth some good-faith argument***

20

***in favor of its position, it will generally not be found to have advanced `exceptionally meritless 'claims***."

21

*Small v. Implant Direct Mfg. LLC*, No. 06 Civ. 683(NRB), 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23,

22

2014). Although this Court has awarded attorneys' fees, the record does not support that Mr. Barton, a

23

*pro se* litigant,  has engaged in  "**exceptionally meritless**" conduct wherein sanctions should have been

24

25

awarded. *See*, *Calypso Wireless, Inc. v. T-Mobile USA Inc*., No. 2:08-CV-441-JRG-RSP, 2015 WL

26

1022745, at *2-5 (E.D. Tex. Mar. 5, 2015) [**not an exceptional case because the litigation conduct was**

27

**not exceptional and the plaintiff's defeat was due to a claim construction that was incorrect but**

28



*AMENDED* PLAINTIFF'S MOTION TO RECONSIDERATION OF THE
MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION
FOR ATTORNEYS' FEES [DCK#76] - PAGE 5 OF 12

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999   ♦   Facsimile (206) 264-9098

1
2
3
4

supported by some evidence]; *Howlink Global LLC v. Centris Info. Servs., LLC*, No. 4:11CV71, 2015 WL 216773, at *6 (E.D. Tex. Jan. 8, 2015) [**not an exceptional case when the party's claim construction was incorrect but reasonable**].

5

   **B. Factual and Legal Grounds for Granting Reconsideration**

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

   Here the Court relies in large part on what it calls "**an important fact**" that Plaintiff "runs . . . a website called 'TCPA University'" in which Plaintiff is alleged to have held "himself out to the world as an expert in TCPA litigation" and offered consultation regarding how to respond to illegal telemarketers. That is a profound factual error and linchpin as to why reconsideration should be granted to avoid a manifest error. This is conflated not only because the Court has committed factual mistakes but also because it has ignored the Ninth Circuit Court's published precedent in *Van Patten v. Vertical Fitness Group*, LLC, 847 F. 3d 1037, (9th Cir. Jan. 30, 2017). Of particular relevance is that the Ninth Circuit Court of Appeals held that *__a consumer does have the ability to revoke consent__*, the revocation must *clearly express* that he or she does not want to receive the communications in order to be valid. In *Van Patten* case, the Plaintiff provided his contact information to Gold's Gym on a membership agreement, which he signed. After cancellation of his membership, Vertical Fitness, the owners of that Gold's Gym franchise, sent him numerous text messages inviting him to return. Van Patten alleged that he did not give express consent for text messages to be sent to his cellphone, and even if he had, he effectively revoked that consent by cancelling his membership to the gym.

23
24
25
26
27

   The Ninth Circuit's merits decision held that "unsolicited telemarketing phone calls or text messages, by their very nature, invade the privacy and disturb the solitude of their recipients." While ruling against *Van Patten*, this Court did indicate that *__revocation is in fact possible and consistent with the purposes of the TCPA__* and added that revocation must be clearly expressed to be valid. In *Van Patten*

28



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

he never asked the defendant to cease contacting him nor replied "STOP" to the text messages sent to his phone. As such, the Ninth Circuit upheld the lower court's grant of summary judgment for the defendant.

Unlike *Van Patten,* the record reveals that Forty-four (44) days after the DNC Request, LeadPoint sent Mr. Barton further solicitation text and on April 14, 2021, Reliance Capital initiated a solicitation call to Mr. Barton (Id at 3:11-12), 38 days after the DNC Request). The record also reflects that Mr. Barton pointed out that LeadPoint and Reliance placed phone calls to Plaintiff for the next 25 days of the 30-day post DNC Request timeframe which is a per se violation of 47 C.F.R. §64.1200(d)(3). While this Court may take the position that dismissal was proper; it cannot take the position that Mr. Barton's claims, in their entirety were frivolous or that they were exceptionally meritless claims. To do so would ignore the doctrine of *stare decisis* and that the Court made factual assumption that are not accurate in consideration of the attached supporting declarations.

Aside from the foregoing it should also be noted that phone line that is the subject line of this case qualifies as a residential line.  While the Defendants argued that:

> "Plaintiff does not include any facts explaining why the telephone number at issue (718-710-5784), which he [Plaintiff] routinely uses in Court pleadings and dockets, qualifies as a "residential" telephone."

The foregoing misstates the record for two reasons.  *First*, the FCC recognized that

> "Plaintiff's cell number (718) 710 5784 ("5784") has been registered on the Federal Trade Commission national do-not-call registry www.donotcall.gov more than 31 days prior to March 2, 2021."

> *See*, (Dck# 31-17-19):

*AMENDED* PLAINTIFF'S MOTION TO RECONSIDERATION OF THE MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#76] - PAGE 7 OF 12

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999   ♦   Facsimile (206) 264-9098

The FCC "presumes that wireless subscribers who ask to be put on the National Do Not Call Registry are residential subscribers." *See, Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195 (D. Mass. 2021); *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189 (D.N.M. 2019); *Mantha v. QuoteWizard.com*, CIVIL 19-12235-LTS (D. Mass. Feb. 3, 2022); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648 (W.D. Tenn. 2020). **Second**, as the Defendants point out, Plaintiff did routinely use phone number (718) 710 5784 in Court pleadings and dockets and ***this is residential use***. As this Court is aware, Washington State Superior Courts Require Pro-Se Pleadings to Contain a Phone Number. Washington State Courts require *pro-se* pleadings to contain that person's phone number.  This lawsuit was initially filed *pro-se* in Clark County Superior court.  That Court has rules and local Rule 10(e)(3)(C) says:

> "Self-represented litigant pleadings shall be typewritten or neatly printed, shall conform to the format recommendations of CR 10(e), and shall contain the party's telephone number(s), mailing address and street address where service of process and other papers may be made upon him/her or the same may be rejected for filing by the clerk." (emphasis added).

The Defendants subsequently removed this case to the Federal Court at Tacoma.  In that Court's own local rules LCR 10, it says:

> "At the right side of the bottom of each page, the law firm (if any), mailing address and telephone number of the attorney or party preparing the paper should be printed or typed." (emphasis added)

Further, Local Rule 83.2(b)(1) – Withdrawal of Attorneys states in part:

> "If a withdrawal will leave a party unrepresented, the motion to withdraw ***must include*** the party's address and ***telephone number***."; *emphasis added*.

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999   ♦   Facsimile (206) 264-9098

1

2

3

Given that the courts in Washington State require a *pro-se* party to include his or her phone number on papers and pleadings, for the typical *pro-se* party with an anonymous phone number (a phone number that the party does not wish to openly publish on public court records), to access a Court in this State, that person must choose between:

4

5

6

7

      a.    Publishing his or her anonymous phone number in the pleadings, therefore making it a publicly known phone number.

8

9

      b.    Use a second, different phone number for public court documents.

10

11

12

13

14

15

16

17

18

19

20

Option (a) requires a social and possibly high economic cost.  That which was private and anonymous is now public information, and in this information age the full costs due to the disclosing of the formerly private and anonymous phone number can be high. When the Defendants argued Plaintiff obtained the (718) area code number 'to shield his 972-area code number" (a separate number that he describes as his "personal cell phone")' that was correct, to shield from the risks associated with public disclosure of his 972-area code phone number. It is entirely reasonable for pro-se litigants to obtain a phone number for complying with Court rules and to follow the Federal Government's recommendations for keeping our private phone numbers anonymous. It is unreasonable to refuse "residential phone line" TCPA protections to this second phone number.

21

22

23

24

25

26

27

28

Not extending "residential phone line" protections to a phone number primarily used to comply with Court rules and for the purposes of shielding one's anonymous phone number in line with the Federal Government's advice does not advance any government interest. Thus far, Plaintiff has documented the court rules that require *pro-se parties* to publish a phone number on what will become publicly accessible records.  This Court may take judicial notice that the executive branch of the Federal Government has advised that consumers not publish phone numbers tied to financial accounts or social media or that serve



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

as gateways to other important services that could be hacked, phished, or attacked with other methods.

Plaintiff has demonstrated that a reasonable alternative is obtaining a new phone number, not connected

to financial accounts or social media accounts and that does not serve as a gateway to other private

information of a *pro-se* party. Attached hereto as Exhibit 1, 2, 3 , 4 and 5 are FRE 201 Exhibits for this

Court to consider in conjunction with the foregoing arguments.

Again, the FCC "presumes that wireless subscribers who ask to be put on the National Do Not Call

Registry are residential subscribers." See, *Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195 (D.

Mass. 2021);  That is a rebuttable presumption, but a finding that a phone line is primarily used by a pro-

se party would not be rebutting factor. If it was even a close call "[b]ecause the TCPA is a remedial statute,

it should be construed to benefit consumers." *Gager*, 727 F.3d at 271. Even if the various proposed

interpretations of the Act were equally plausible — which they are not—the scales would tip in [plaintiffs]

favor.  *Leyse v. Bank of America Nat. Ass'n*, No. 14-4073N (3rd Cir. Oct. 14, 2015) Having a second

phone line is certainly no barrier to "residential phone line" protections.  The three plaintiffs in *Barrett v.

Vivint, Inc.*, Case No. 2:19-cv-00568-DBB-CMR, (D. Utah May. 20, 2020) allegedly had "more than 25

phone numbers" between them – and a history of litigating TCPA cases for economic gain. That court

ruled

> "The Supreme Court has made clear that courts "do
> not ask whether in our judgment Congress should
> have authorized [plaintiff's] suit, but whether
> Congress in fact did so." Because Congress
> authorized plaintiffs to file suit for alleged violations
> of the TCPA, including the circumstances alleged
> here, they have statutory standing." *Barrett v. Vivint,
> Inc.*, Case No. 2:19-cv-00568-DBB-CMR, 9-10 (D.
> Utah May. 20, 2020) quoting *Lexmark Int'l, Inc. v.
> Static Control Components, Inc.*, 572 U.S. 118, 128
> (2014).

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999   ◆   Facsimile (206) 264-9098

### III.  CONCLUSION

An erroneous assertion regarding a third party's website, over which Plaintiff had no control and which allegedly had make believe quotes by Plaintiff, should not be used to support an allegation that Plaintiff filed his suit frivolously or in bad faith.  Plaintiff clearly did not make the extraordinary statements allegedly asserted on the website and would not have approved such statements had he been aware of them.   Inclusion of anything reference to the website in pleadings or orders is clearly prejudicial to Plaintiff. Moreover, applying the doctrine of *stare decisis*, as a matter of law the *Van Patten v. Vertical Fitness Group*, LLC, 847 F. 3d 1037, (9th Cir. Jan. 30, 2017) mandates reconsideration as Plaintiff's claims cannot be found to be frivolous as consent was revoked. Based on the foregoing, Plaintiff respectfully asks that this Court reconsider its Order and deny granting attorneys' fees to Defendants.


*Respectfully submitted this 10th day of June, 2022.*


**CHUNG, MALHAS & MANTEL, PLLC.**


*/s/ Edward C. Chung*
Edward C. Chung, WSBA # 34292
Attorney for Plaintiff, Nathen Barton



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ◆  Facsimile (206) 264-9098

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   **DECLARATION OF SERVICE**

I, Edward C. Chung, counsel of record for the Plaintiff, declare under penalty of perjury under the laws of the State of Washington that I caused copies of the foregoing document to be served using the United State District Court Electronic Case Filing ("ECF") System which shall provide automatically a copy to Defendants' counsels of record:

*Respectfully submitted this 10th day of June, 2022.*

*/s/ Edward C. Chung*
Edward C. Chung, WSBA # 34292
Attorney for Plaintiff, Nathen Barton

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098