THE HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

| | |
|---|---|
| NATHEN BARTON, <br><br> Plaintiff, <br><br> vs. <br><br> LEADPOINT INC., RELIANCE FIRST CAPITAL LLC. LOANDEPOT LLC, GLOBAL EQUITY FINANCE INC., NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br> Defendants. | Case No. 3:21-cv-05372-BHS-TLF <br><br> **LEADPOINT, INC. AND RELIANCE FIRST CAPITAL, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 1 -
CASE NO. 3:21-cv-05372-BHS-TLF

MINTZ
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

## I. INTRODUCTION

Defendants LeadPoint, Inc. and Reliance First Capital, LLC ("Defendants") respectfully urge the Court to deny Plaintiff's Motion for Reconsideration.[1] The Motion is purportedly premised on allegedly new evidence and claimed legal error – each argument lacks merit.

Mr. Barton first takes the position that sanctions were unwarranted because tcpauniversity.com, "in which Plaintiff is alleged to have held 'himself out to the world as an expert in TCPA litigation' and offered consultation" is not his. Regardless of what Mr. Barton now claims about the website, Mr. Barton in fact: *trademarked* "TCPA University" "For: TCPA and telemarketing consulting"; *emailed as* "TCPA University"; posted (including about settlements) on the TCPA University Facebook page (which included a link to tcpauniversity.com and described it as a "Consulting agency"); represented that he was working with a "team" in furtherance of his claims; and unequivocally stated that he was on a "mission, to get rid of robocalls." Fees were warranted based on the contents of Mr. Barton's frivolous Motion to Remand and frivolous claims, without regard to the contents of tcpauniversity.com. Nonetheless, evidence besides the website corroborates that Mr. Barton held himself out as TCPA University and pursued this case in furtherance of his misguided "mission."

Mr. Barton also claims that the Court disregarded authority addressing consent revocation under the TCPA. The argument fails because Mr. Barton's TCPA claim was premised on 47 U.S.C. § 227(c)(5), which requires use of a "residential" telephone. Mr. Barton affirmatively alleged, and argued, facts in this case and others confirming that he used the number at issue for "judicial branch advocacy" (*i.e.*, lawsuits), *not* residential purposes – the statute thus did not apply. Even if revocation was relevant, Mr. Barton did not allege reasonable revocation. [2]

The Motion should also be denied because Mr. Barton fails to address his frivolous Motion to Remand, which provided an independent basis for the award.

---

[1] Plaintiff's Motion for Reconsideration exceeds the six page limit set forth in LCR 7(e)(1).
[2] In passing, Mr. Barton mentions the ATDS provision of the TCPA. Mr. Barton abandoned a claim premised on "using an automated telephone dialing and announcing device" after Defendants filed their initial Motion to Dismiss (Dkt. 13).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 2 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

This Motion is the latest in a string of wasteful conduct that began when Mr. Barton opted in, instead of simply texting "STOP," and created an excuse to file a Section 227(c)(5) (which requires two or more calls). This Motion, like the Complaints and Motion to Remand, has unnecessarily multiplied the proceedings and Defendants respectfully request an additional award for fees incurred in connection with the Motion.

## II.  STANDARD ON MOTION FOR RECONSIDERATION

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Slaughter v. Glebe*, No. C15-5484-BHS, 2017 U.S. Dist. LEXIS 62092, *3 (W.D. Wash. Apr. 24, 2017). "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through - - rightly or wrongly." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 9D. Ariz. 1995) (internal quotations omitted).

## III.  SANCTIONS WERE PROPER REGARDLESS OF WHETHER BARTON RUNS TCPAUNIVERSITY.COM

### A.  Barton Is "TCPA University"

Mr. Barton takes the position that nothing on tcpauniversity.com should be held against him because the website, "in which Plaintiff is alleged to have held 'himself out to the world as an expert in TCPA litigation' and offered consultation" is not his. Motion for Reconsideration, Dkt. 80, Pg. 2: 9-12.[3] Putting aside the veracity of that position, Mr. Barton cannot dispute that he held himself out as "TCPA University" – necessarily indicating he was an expert – and pursued this case in furtherance of his "mission, to get rid of robocalls."[4]

---

[3] Mr. Barton describes this as a "profound factual error." *Id.* at Pg. 6:7-11.
[4] In addition to his declaration, Plaintiff submits the Declaration of Diana Bartolme (Dkt. 80-1). The Bartolme declaration should be disregarded because it was not actually signed by the declarant. *See e.g. Hanna v. Sanofi-Aventis US LLC*, No. C13-177-MJP, 2013 U.S. Dist. LEXIS 61811, *4-*5 (W.D. Wash. Apr. 2013).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 3 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

Though omitted from his declaration, Mr. Barton in fact trademarked "TCPA University" – he is the "Owner" of the "LIVE" mark, its "Correspondent," and signatory.[5] In the trademark application, Mr. Barton explained that the mark was "For: **TCPA and telemarketing consulting**."[6]

Consistent with the mark's "LIVE" status, at least as recently as March 24, 2022 – while the Defendants' Motion for Fees was pending, which discussed tcpauniversity.com – Mr. Barton publicly held himself out *as* "TCPA University." Mr. Barton used "tcpauniversity@gmail.com," describing himself as "TCPA University," in connection with another TCPA case:

[7]

---

[5] In the event Mr. Barton claims that some unnamed lawyer created the application for him, Defendants note that Mr. Barton listed "None" under "Attorney of Record" and himself as "Correspondent," with the same physical and email addresses he has listed over and over in this, and other, litigation. Declaration of Esteban Morales ("Morales Decl."), ¶ 4, Ex. 3, Pgs. 2-3.

[6] Morales Decl., ¶ 5, Ex. 4, Pg. 1 (emphasis added); *see also* ¶ 3, Ex. 2, Pg. 2 and ¶ 4, Ex. 3, Pg. 2. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[Courts] may take judicial notice of court filings and other matters of public record."); *Clearly Food & Beverage Co. v. Top Shelf Bevs., Inc.*, 102 F. Supp. 3d 1154, 1161 (W.D. Wash. Apr. 28, 2015) (taking judicial notice of documents from U.S. Patent and Trademark search system).

[7] Morales Decl., ¶ 9, Ex. 9 (see email string). Counsel retrieved the email from the docket in *Nathen Barton v. Sopi Financial, LLC, et al.*, No. 21-cv-05934 (W.D. Wash.). The email was attached to a Stipulated Motion for Extension of Time to Exchange Initial Disclosures and to Submit Joint Status Report and Discovery Plan, which Mr.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 4 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

Mr. Barton also posted on the Facebook page for TCPA University. Notably, that page included a link for tcpauniversity.com, described it as a "Consulting agency," and included a banner touting: "It's time to stand up to Telemarketers Once and for all." Morales Decl., ¶ 6, Ex. 5.



[8] Though Mr. Barton took down the Facebook page, or made it private, and has attempted to scrub his internet presence, counsel located publicly available cached data for TCPA University's Facebook page that includes both the post above regarding Josephine Townsend and other posts boasting about Mr. Barton's settlements and naming "Nathen Barton":[9]

TCPA University
18 November 2021 ·
For 17 text messages. An interesting situation, a scammer, bottom feeding business, but I came away from phone conversations actually respecting the guy running it. I wish he would put his talents to better use.

---

Barton e-signed. The Court may take judicial notice of this, and every other publicly available court document cited in this Opposition and submitted for the Court's consideration. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6 ("[Courts] may take judicial notice of court filings and other matters of public record.").

[8] Mr. Barton posted the comment on November 18, 2021, the same day the TCPA University Facebook page was created and eight days after he filed his trademark application. *See Id.* ("Page created - November 18, 2021"); *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1109 (D. Or. 2000) ("the representations made by defendants on the website are admissible as admissions of the party-opponent under FRE 801(d)(2)(A)."). Though the Court does not need to make the following finding to deny his motion, it is implausible for Mr. Barton to claim he did not know or control the contents of tcpauniversity.com in the face of a trademark application and his posts on the TCPA University Facebook page (linking to tcpauniversity.com). Language on that website, moreover, is remarkably similar to language that Mr. Barton has used in this case. Morales Decl., ¶ 12, Exs. 11 and 12.

[9] Morales Decl., ¶¶ 7-8, Exs. 6-8.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 5 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

> **TCPA University**
> 18 November 2021
>
> $[redacted] for text messages. I think I agreed to $[redacted] each.
>
> [image of text reading: 'Nathen Barton September 25 $[redacted] for text messages. think agreed to $[redacted] each. THIS DOCUMENT CONTAINS TRUE WATERMARK HOLD LIGHT BBVA VIEW ESTE DOCUMENTO CONTIENE MARCA DE AGUA VERDAD TIENEN CASHIER'S CHECK NATHEN BARTON 505 CHEQUE DE CAJA Date/Fecha: 09/16/2021 PAY THE ORDER OF SETTLEMENT Paguese por este cheque lo orden de [redacted] 289 61-118/620 ****** $[redacted] Drawee: Birmingh Remitter/Remitente: Description/Descripción: 35233 🗓 |*5056 1:06 AUTHORIZED SIGNATURE FIRMAAUTORIZADA 1515']

> **TCPA University**
> 18 November 2021
>
> Some folks might be surprised to learn that I have an attorney, but there are things not taught on YouTube and the like. I offered to pay her after my first consolation and she said no, no charge on the initial consultation.
>
> Today I had my second consolation with her, and at the end again asked how much I owed her. No charge she said, "you are a very interesting individual" and she enjoys seeing a "civilian" (her word) get this far with telemarketers.
>
> I have dealt with some good attorneys and some real lemons. I do recommend Ms. Townsend should you need a lawyer.

Consistent with the "Once and for all banner," in February 2021, Mr. Barton unequivocally represented that he is on "a mission, to get rid of robocalls."[10]  Like the contents of tcpauniversity.com, Mr. Barton boasted about the volume of his TCPA claims while threatening to come "down there for your company."  Morales Decl., ¶ 2, Ex. 1 (*see* 2/17/21 Email).

> Hi Folks,
>
> I am sorry, I am not really interested in loan modification.  A couple days ago I got an illegal robocall and I played along to see who it was and unfortunately it was you folks.
>
> I have a mission, to get rid of robocalls.  Just today I dropped by my courthouse to file these.  You can see they are all different defendants.
>
> If you folks would like to talk it over, I am willing.  Otherwise, within in a few weeks I will be down there for your company.
>
> This email is a Litigation Hold - please preserve all records and documents related to telephone calls to my phone numbers 972 207 5749 and 360 910 1019.
>
> Nathen



---

[10] *Compare with* representation on tcpauniversity.com regarding the desire to "tak[e] telemarketing companies . . . to court one phone number at a time."  Order, Dkt. 76, Pg. 6: 5-6; Morales Decl., Ex. 11 (Pg. 4 of website).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 6 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

While irrelevant for Defendants' Motion for Fees, Mr. Barton suggests that he is an unsophisticated litigant. Putting aside his substantial history of TCPA litigation,[11] and the evidence above, Mr. Barton represented that he has a "team" assisting with his TCPA litigation:

> You can drop the indignant act. . . . [N]o matter what you and Delgauw do, my team has a pretty good grasp of how to counter it.

This "team" includes at least another attorney, besides those who have appeared in this case, and which Mr. Barton corroborated in case filings and in a TCPA University Facebook post discussed above. Morales Decl., ¶ 15, Ex. 15 (see December 12, 2021 email), ¶ 13, Ex. 13.

Regardless of the position he now takes as to the website, evidence confirms that Mr. Barton held himself out as TCPA University (necessarily representing TCPA expertise), boasted about his settlement profits, and pursued this case in furtherance of his "mission, to get rid of robocalls."[12]

### B.     The Legal Standards Do Not Require Reliance on the Website

Though Mr. Barton is TCPA University, the Court does not need to rely on tcpauniversity.com. RCW 4.84.185 does not require a finding of bad faith. *See e.g. Highland*

---

[11] In their Motion for Fees, Defendants submitted unrebutted evidence demonstrating he filed seven other TCPA cases before receiving the first alleged text message in this case. Morales Decl., Dkt. 61-2, ¶ 8, Ex. 7. In this Court alone, Mr. Barton has been a plaintiff in twelve TCPA cases. *See also* Morales Decl., ¶¶ 16-17, Ex. 17 (discussing having "battled" telemarketers and debt collectors "on and off again for 25 years").

[12] Without the benefit of discovery, it is also clear that Mr. Barton's declaration contains a material misrepresentation. Mr. Barton claims: "I have no knowledge that the website ever included the statement: 'I have been taking telemarketing companies like this to court one phone number at a time, resulting in enormous compensation for the damages. I'm talking several tens of thousands of U.S. dollars . . . and it keeps coming.'" Barton Decl., Dkt. 80-2, ¶ 9. In fact, Mr. Barton saw that statement on the website in November 2021. In one of his TCPA cases, his opposing counsel submitted a copy of the page for tcpauniversity.com that included that quote as the single exhibit contained in a short declaration. Morales Decl., ¶¶ 11-12, Exs. 10-11. Mr. Barton acknowledged the submission, pin-cited it, and argued: "Delfgauw through his attorney Gibson bring in evidence (See Gibson's Declaration in Dkt. 48) to support their MTD (MTD, 2:4-6) that is completely outside of Plaintiff's Complaint, Amended or Original. . . . By attaching extrinsic evidence (Dkt. 48) outside of Plaintiff's Complaint as part of their FRCP 12(b)(6) MTD, and referencing it in their MTD (MTD, 2:4-6), Delfgauw converted his MTD to a Motion for Summary Judgment ('MSJ'), and the time for ruling on a MSJ is not yet ripe." *Id.* at ¶ 13, Ex. 13. The "extrinsic evidence" included Mr. Barton's photograph on the website, which he did not deny controlling. Defendants expect that Mr. Barton will now claim to have not read the exhibit that he argued converted the motion he was opposing to one for summary judgment. That position obviously lacks credibility, particularly in light of the highly technical, and detailed, arguments Mr. Barton continues to make in ongoing litigation. In the *Delfgauw* case, for example, Mr. Barton submitted a highly detailed twenty-three page motion discussing nothing but IP address geolocation accuracy. Morales Decl., ¶ 14, Ex. 14.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 7 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

*Sch. Dist. No. 203 v. Racy*, 149 Wn. App. 307, 311 (2009) ("Nothing in the statute requires a court to find that the action was brought in bad faith . . . ."). "[T]he court may impose sanctions for any action that is 'frivolous and advanced without reasonable cause.' . . . [T]he Legislature did not limit the reach of the statute to actions or claims brought to harass or delay." *Id.* at 311-12 ("[A]ppellant's arguments that the trial court failed to find that it acted in bad faith or for improper purposes simply have no weight."). As Defendants argued in their Motion for Fees, and as the Court concluded, the claims alleged in Mr. Barton's Complaints, and his Motion to Remand, were frivolous. Among other issues discussed in Defendants' Motions, Mr. Barton opted in, the allegations in the Complaints in this case and other cases confirmed the telephone number at issue was not "residential," and there was no basis for a Motion to Remand.[13]

Nor does Local Civil Rule 11(c) require a finding of bad faith. All the rule requires, and which exists here, is a finding that a party "present[] to the court unnecessary motions . . . or [] otherwise so multiplies or obstructs the proceedings." The standard was satisfied as a result of the meritless Motion to Remand and contents of the First Amended Complaint.[14]

The award was also warranted under 28 U.S.C. § 1927. "'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co. Sec. Litig.)*, 78 F.3d 431, 436 (9th Cir. 1996). As Defendants argued, Mr. Barton recklessly pursued his Motion to Remand (emailed hours after the case was removed) and First Amended Complaint; the legal contentions in both documents were frivolous, in spite of Mr. Barton's website, which suffices to support the Court's award.[15]

---

[13] Motion for Fees, Dkt. 61, Pgs. 2-10; *see generally* Reply in Support of Motion for Fees, Dkt. 75; Motion to Dismiss, Dkt. 33, Pgs. 1-10; Reply in Support of Motion to Dismiss, Dkt. 45, Pgs. 1-4; Motion to Dismiss, Dkt. 13, Pgs. 1-12.
[14] Motion for Fees, Dkt. 61, Pgs. 7-10; Reply in Support of Motion for Fees, Dkt. 75, Pg. 5; *see generally* Motion to Dismiss, Dkt. 33 and Reply in Support of Motion to Dismiss, Dkt. 45.
[15] Motion for Fees, Dkt. 61, Pgs. 7-10; Reply in Support of Motion for Fees, Dkt. 75, Pgs. 3-5; *see generally* Motion to Dismiss, Dkt. 33 and Reply in Support of Motion to Dismiss, Dkt. 45.
This analysis is consistent with the Court's Order on the Motion for Fees, in which it concluded: "In short, federal, state, and local law permit a court to impose a sanction . . . when a party asserts frivolous claims and arguments **or** litigates in bad faith." Order, Dkt. 76: 20-22 (emphasis added).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 8 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

### C. Barton Does Not Satisfy the Standard on Reconsideration

Under LCR 7(h), a "court will ordinarily deny such motions in the absence of . . . a showing of new facts . . . which could not have been brought to its attention earlier with reasonable diligence." Defendants raised tcpauniversity.com when they filed their Motion for Fees on February 4, 2022 and Mr. Barton had the arguments and allegations he now raises at that time and when he filed his opposition on March 7, 2022. Mr. Barton's arguments thus do not satisfy the standard.

## IV. THERE WAS NO LEGAL ERROR

### A. A Residential Telephone Number Is Not at Issue

Mr. Barton claims the standard for a "clear error" has been satisfied because he purportedly revoked his consent and suffered a "per se violation of 47 C.F.R. §64.1200(d)(3)." Motion for Reconsideration, Pg. 7: 6-8. The argument is irrelevant because, as Defendants exhaustively argued in their Motions to Dismiss, Mr. Barton did not allege facts showing that a residential phone number was at issue despite having presented three complaints (Dkt. Nos. 1-1, 24-1, 31-1) – he alleged the opposite.[16] Mr. Barton alleged and argued that he "obtained this . . . phone number . . . for non-commercial judicial branch advocacy" (FAC, Dkt. 31-1, 3:23-4:2), used the number "on documents filed as public records . . . and in phone correspondence with court clerks and attorneys," and described it as "a phone number obtained to access the Court" (Opposition, Dkt. No. 37, 5:7-10, 14-15). In a separate case, he described a 972 area code number as his "personal cell phone"[17] and in this case argued that he obtained the phone number at issue "to shield his 972-area code number." Opposition, Dkt. No. 37 at 5:7-8.

Mr. Barton now raises the same arguments that were previously rejected. Mr. Barton takes the position that he "did routinely use phone number (718) 710 5784 in Court pleadings and dockets and *this is residential use*." Motion for Reconsideration, Pg. 8: 6-7 (emphasis in

---

[16] *See* Motion to Dismiss, Dkt. 13, Pgs. 9-10; Motion to Dismiss, Dkt. 33, Pgs. 5-6; Reply in Support of Motion to Dismiss, Dkt. 45, Pgs. 1-2. Section 64.1200(d) only regulates certain calls to "residential telephone[s]." *See* 47 C.F.R. § 64.1200(d).

[17] *See* Defendants' Motion to Dismiss FAC, Dkt. 33 at Pg. 6, n.6 (citing Complaint in *Nathen Barton v. Serve All, Help All, Inc.*, No. 3:21-cv-05338-BHS (W.D. Wash.)).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 9 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

original). He elaborates, as he has before, that he is required to list a telephone number in court documents. Being required to list a telephone number, however, does not make a telephone number residential and he cites no authority for his proposition.[18] Mr. Barton's allegations confirm that he obtained this phone number to further his "mission, to get rid of robocalls" through litigation – that is not residential use.

Mr. Barton also argues that his complaint was not entirely meritless because the Federal Communications Commission has stated that there is a rebuttable presumption that a phone is residential when listed on the National Do Not Call registry.[19] As one decision addressing that FCC language explained, and which Mr. Barton cites, "[a]lthough the FCC stated that any wireless subscriber who asks to be put on the list would be presumed to be a 'residential subscriber[],' . . . the registrant is required to show that the cellular telephone was used for residential purposes."[20] Mr. Barton rebutted any claimed presumption by explaining that he used the phone number at issue for "judicial branch advocacy," repeatedly failing to allege facts showing actual residential use, explaining he has a separate phone number that is his "personal cell phone," and elaborating that the number at issue is used to "shield" his personal cell phone. Mr. Barton argued that he used his phone number as a law firm would use its phone number.[21] Accordingly, the Court concluded that Defendants argued "persuasively that the subject phone number is not a 'residential phone number' as a matter of law." Order, Dkt. 52, Pg. 3, n.2.

---

[18] Coupled with his allegations and argument – that the number was specifically obtained for "judicial branch advocacy" – Mr. Barton's argument would make any law firm's number a "residential" number.

[19] Mr. Barton quotes and cites a case called *Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195 (D. Mass. 2021). The case does not involve Nathen Barton, his telephone number, or the facts that are at issue.

[20] *Stevens-Bratton v. Trugreen, Inc.*, 437 F. Supp. 3d 648, 658 (W.D. Tenn. 2020) (holding that telephone number was not residential where plaintiff's evidence was a conclusory declaration and was contradicted by a service agreement describing separate phone numbers as a "Home Phone" and "Cell Phone"); *Strange v. ABC Co.*, No. 19-1361, 2021 U.S. Dist. LEXIS 38882, *9-*11 (W.D. La. Mar. 1, 2021) (denying default judgment because plaintiff "cannot prevail under Section 227(c)(5) without sufficient proof that he used his cell phone for residential purposes" notwithstanding allegation that phone was registered on the National DNC). Additionally, as the conclusion in *Trugreen* indicates, any telephone number can be registered on the National DNC.

[21] On page 10 of his Motion, Mr. Barton block quotes a case called *Barrett v. Vivint, Inc.*, No. 19-cv-00568, 2020 U.S. Dist. LEXIS 89055 (D. Utah May 20, 2020) in support of the proposition that he alleged a claim premised on his use of a "residential" number. In fact, the block quote addresses a statutory standing argument that Mr. Barton conflates with the argument Defendants have made.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 10 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

### B. Barton Did Not Allege Revocation of Consent

Because the number at issue is not residential, a revocation of consent analysis is irrelevant. In an abundance of caution, however, Defendants address the issue. As Defendants argued in their Motions to Dismiss, Plaintiff failed to allege revocation. *See* Motion to Dismiss, Dkt. 33, Pg. 8, n.7; Reply, Dkt. 45, Pgs. 3-4. To do so, Plaintiff was required to allege facts showing that he "act[ed] **reasonably** in attempting to revoke [his] consent."[22]

The initial text message that Plaintiff alleged receiving included the following basic instruction: "TxtSTOPtoEnd." FAC, Dkt. 31-1, 4:9. Instead of simply responding "STOP," Plaintiff "answered questions" on homeequityquiz.com and did not deny agreeing to the disclosure on the website telling him he would receive calls and texts he used to create his claims. *Id.* at 4:19. Nor did he allege asking that calls stop during any call or allege asking Reliance to stop calling.

Instead of alleging reasonable revocation, Mr. Barton alleged submitting a message on a "communication portal www.leadpoint.com/contact" (FAC, Dkt. 31-1, 8:17-18), which said:

Give Us a Shout
If you're interested in becoming a LeadPoint client, partner or team member, we'd love to hear from you.
. . .
Got a Question?
Whether you're already a Leadpoint customer, evaluating solutions or would like to learn more, we'd love to hear from you.[23]

Plaintiff allegedly submitted his request on a website discussing becoming a LeadPoint "client, partner or team member" because he wanted the request to be ineffective.[24]

---

[22] *Epps v. Gap, Inc.*, No. 17-cv-3424-MWF, 2017 U.S. Dist. LEXIS 219722, *7 (C.D. Cal. June 27, 2017) (granting motion to dismiss because plaintiff "failed to allege reasonable revocation of her consent") (emphasis added); *Epps v. Earth Fare, Inc.*, No. 16-CV-08221-SJO (SSx), 2017 U.S. Dist. LEXIS 63439, *13 (C.D. Cal. Feb. 27, 2017) (granting motion to dismiss because "[t]he totality of the plausibly alleged facts, even when viewed in Plaintiff's favor, militate against finding that Plaintiff's revocation method was reasonable"); *Rando v. Edible Arrangements Int'l, LLC*, No. 17-701 (JBS/AMD), 2018 U.S. Dist. LEXIS 51201, *15 (D.N.J. Mar. 28, 2018) ("Plaintiff must also allege that the designated exclusive means for revoking consent made it difficult or impossible to effectuate her actually-attempted revocation, and that her chosen method of revocation was reasonable").

[23] Reply, Dkt. 45, 5:1-6 and n. 8; Morales Decl., Dkt. 45-1, Ex. A.

[24] *See e.g. Gap, Inc.*, 2017 U.S. Dist. LEXIS 219772 at *6-*7 ("Plaintiff sent a series of verbose texts requesting that the messages stop . . . . She does not allege that she ever responded with a mere 'STOP' . . . . Looking at the totality of the facts here, . . . Plaintiff did not act reasonably"); *Earth Fare, Inc.*, 2017 U.S. Dist. LEXIS 63439 at *13-*14 ("Defendant believes that Plaintiff 'purposefully ignored the use of the STOP Command' and chose instead to

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 11 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

## V. BARTON DOES NOT ADDRESS HIS FRIVOLOUS MOTION TO REMAND

As Defendants argued in their Motion for Fees, an award was warranted at least because of Mr. Barton having multiplied the proceedings by filing, and trying to leverage, a meritless Motion to Remand. Mr. Barton fails to address the issue, which still warrants the fee award.[25]

## VI. DEFENDANTS REQUEST THEIR FEES

Defendants respectfully request their fees associated with Plaintiff's pending motion and this Opposition under 28 U.S.C. § 1927 and LCR 11(c).[26] Though Mr. Barton has attempted to distance himself from TCPA University, evidence submitted in support of this Opposition demonstrates that Mr. Barton is TCPA University, he trademarked TCPA University, has continued to represent himself as TCPA University, has posted regarding his settlements on the Facebook page for TCPA University (which included a link to tcpauniversity.com), has attempted to scrub the internet of evidence linking him to TCPA University, and makes at least one material misrepresentation in his supporting declaration. The Motion moreover relies on evidence that Mr. Barton could have presented at the time of his Opposition to Defendants' Motion for Fees and otherwise relies on arguments that have been made and rejected.

## VII. CONCLUSION

For the foregoing reasons, Defendants respectfully urge the Court to deny Plaintiff's Motion and to award their fees in responding to the Motion.

---

respond with long sentences – ones she knew the automated system would not understand – in order to bring this suit . . . . [H]eeding Defendant's opt-out instruction would not have plausibly been more burdensome on Plaintiff . . . . Plaintiff has not plausibly alleged that her revocation was effective."); *Edible Arrangements*, 2018 U.S. Dist. LEXIS 51201, *15 (responding to text with natural language instead of "STOP" was not effective revocation); *Viggiano v. Kohl's Dep't Stores, Inc.*, No. 17-0243-BRM-TJB, 2017 U.S. Dist. LEXIS 193999 (D.N.J. Nov. 27, 2017) (same).

[25] In its Order, the Court concluded (without reference to tcpauniversity.com): "One does not need to be an attorney to know that filing a motion to remand based on a lack of subject matter jurisdiction is frivolous and not made in good faith, when he had recently filed a substantially similar TCPA lawsuit in this Court, affirmatively alleging that the Court *did* have subject matter jurisdiction over such claims." Order, Dkt. 76, Pg. 7:4-8.

[26] Morales Decl., ¶ 18 (discussing time spent); *see also* Morales Decl., Dkt. 61-2, ¶¶ 16 and 18, Ex. 14; Riojas Decl., Dkt. 61-1, ¶ 6. *See e.g. Malico, Inc. v. Cooler Master USA Inc.*, No. C09-0732RAJ, 2010 U.S. Dist. LEXIS 150763, *3 (W.D. Wash. Sept. 1, 2010) (rates of $575 for partner and $230 for junior associate reasonable eleven years ago); *Pellez v. Weyerhaueser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (rates of $760 to $475 and $660 to $415 per hour reasonable approximately thirteen years ago).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION - 12 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067
(310) 586-3200

| | |
|---|---|
| DATED: June 29, 2022 | **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**<br><br>*/s/ Esteban Morales*<br>Esteban Morales (Admitted *pro hac vice* application)<br><br>*/s/ Matthew Novian*<br>Matthew Novian (Admitted *pro hac vice* application)<br>2049 Century Park East, Suite 300<br>Los Angeles, California 90067<br>Telephone: (310) 586-3200<br>Facsimile: (310-586-3200<br>E-mail: emorales@mintz.com;<br>          mjnovian@mintz.com<br><br>**GOLDFARB & HUCK ROTH RIOJAS, PLLC**<br><br>*/s/ R. Omar Riojas*<br>R. Omar Riojas, WSBA No. 35400<br>925 Fourth Avenue, Suite 3950<br>Seattle, Washington 98104<br>Telephone: (206) 452-0260<br>Facsimile: (206) 397-3062<br>E-mail: riojas@goldfarb-huck.com<br><br>*Attorneys for Defendants LeadPoint, Inc. and Reliance First Capital, LLC* |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 13 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

                                           */s/ Esteban Morales*
                                           Esteban Morales (*admitted pro hac vice*)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 14 -
CASE NO. 3:21-cv-05372-BHS-TLF

**MINTZ**
2049 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA  90067
(310) 586-3200