The Honorable Judge Benjamin H. Settle

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| NATHEN BARTON,<br>　　　　　Plaintiff<br><br>　　　　v.<br><br>LEADPOINT INC., & RELIANCE FIRST CAPITAL LLC<br>　　　　　Defendants. | CASE NO. 3:21-cv-05372-BHS<br><br>PLAINTIFF'S REPLY TO DEFENDANTS, LEADPOINT INC. & RELIANCE FIRST CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#76] |

**TO:** The United States District Court Clerk's Office;
**TO:** Mintz Levin Cohn Ferris Glovsky & Popeo, P.C, Attorney for Defendants;
**TO:** Goldfarb & Huck Roth Riojas, PLLC**,** Attorney for Defendants

## I. PLAINTIFF'S REPLY

**COMES NOW** the Plaintiff, Nathen Barton, by and through his counsel of record, Edward C. Chung with the law firm of CHUNG, MALHAS & MANTEL, PLLC, and hereby respectfully submits Plaintiff's Reply to Defendant, Leadpoint Inc. and Reliance First Capital LLC's[1] Court Ordered Response

---

[1] Hereinafter referred to collectively as "Defendants"

PLAINTIFF'S REPLY TO DEFENDANTS, LEADPOINT INC. & REILIANCE FIRST CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#76]- PAGE 1 OF 6

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

to Plaintiff's Motion for Reconsideration of the May 31, 2022, Court Order Granting Defendants' Motion for Attorneys' Fees [Dck#76]. In consideration of the factual and legal grounds presented on the record, the declaration of Diana Bartolome [ECF# 80-1] from DB Product Marketing was the individual who managed 'TCPA University' social media content, not the Plaintiff, wherein such sworn declaration qualifies as *new evidence* that as a matter of law, reconsideration must be granted to prevent a manifest injustice.

Additionally, *clear error* exists for granting reconsideration because contrary to this Court ruling, Plaintiff, as matter of law, had the right to revoke consent. Pursuant to Ninth Circuit Court's published precedent in *Van Patten v. Vertical Fitness Group*, LLC, 847 F. 3d 1037, (9th Cir. Jan. 30, 2017) a consumer does have the ability to revoke consent. Tellingly, Defendants provide no legal analysis or citation to the Ninth Circuit decision in *Van Patten* within their Response to Plaintiff's Motion for Reconsideration. Why? Because on that basis alone there can be no award of attorneys' fees. While Defendants attempt to reconcile this omission by arguing that Plaintiff phone was used strictly for business purposes, there is legal argument and there is reality. Reality is that the number was used for residential and it is uncontested that the FCC "presumes that wireless subscribers who ask to be put on the National Do Not Call Registry are residential subscribers wherein Defendants arguments are unconvincing and may be disposed of as frivolous.

While Defendants attempt to persuade the Court that reconsideration should be denied by submitting evidence that lacks proper evidentiary foundation under FRE 602 and authentication under FRE 901, factually this evidence is facially immaterial to the pending proceedings and this motion. *Exempli gratia*, Defendants Motion for Dismissal was filed on June 17, 2021 (ECF# 31] and terminated November 3, 2021. They now for some reason offer a USPTO service mark that was filed on **November**

PLAINTIFF'S REPLY TO DEFENDANTS, LEADPOINT INC. & REILIANCE FIRST CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#76]- PAGE 2 OF 6

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

**10, 2021** by Plaintiff for TCPA University, as well as a **November 18, 2021** Facebook posting. *See*, [ECF 82-3 and ECF# 82-4]. *Aside from the fact that both Plaintiff and Diane Bartolome, from DB Product Marketing, sworn declaration <u>filed in conjunction with this Reply</u> eradicates Defendants speculative arguments on social media postings and purported control, more importantly this evidence is wholly irrelevant and misleading as such USPTO service mark filing date and Facebook posting was made <u>after</u> Defendants' Motion to Dismiss and <u>after</u> the Magistrates Recommendation*. In other words, it cannot be a basis for Judge Settle awarding attorneys' fees as this was not the basis for Defendants Motion to Dismiss and request for attorneys' fees nor was it this Court's basis for awarding attorneys' fees. This too applies to other legal proceedings and downloads that Defendants admit are after the Magistrates Report. Respectfully, it is wholly irrelevant and shows nothing less than a herculean effort to come up with some basis to award attorneys fees that is bordering on factual and legal fantasy contrary to law. Again, as long as *"a party has set forth some good-faith argument in favor of its position, it will generally not be found to have advanced `exceptionally meritless 'claims*." *Small v. Implant Direct Mfg. LLC, No. 06 Civ. 683(NRB)*, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014). There is nothing in Defendants' Reply that shows Plaintiff's complaint was "*exceptionally meritless*" wherein sanctions should have been awarded. *See*, *Calypso Wireless, Inc. v. T-Mobile USA Inc.*, No. 2:08-CV-441-JRG-RSP, 2015 WL 1022745, at *2-5 (E.D. Tex. Mar. 5, 2015) [**not an exceptional case because the litigation conduct was not exceptional and the plaintiff's defeat was due to a claim construction that was incorrect but supported by some evidence**]; *Howlink Global LLC v. Centris Info. Servs., LLC*, No. 4:11CV71, 2015 WL 216773, at *6 (E.D. Tex. Jan. 8, 2015) [**not an exceptional case when the party's claim construction was incorrect but reasonable**]. With all due respect, Defendants' counter-arguments

PLAINTIFF'S REPLY TO DEFENDANTS, LEADPOINT INC. & REILIANCE FIRST CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#76]- PAGE 3 OF 6

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile: (206) 264-9098

for reconsideration, if there is one, is nonsense and is parasitic to the underlying factual and legal grounds attorneys' fees were awarded.

In U.S. Magistrate Frick's Recommendation and Report she expressly indicates that while investigating who sent him the "Hi Wendy" text message, Plaintiff created an Established Business Relationship ("EBR") on March 2, 2021, to receive further solicitations from Defendants (ECF# 47, 8:19-20). In the following message to Defendants, Mr. Barton canceled any EBR on March 7, 2021, requesting no more calls, and asked to be put on their do-not-call list ("DNC Request") (Dkt 31, 8:14-24).

This DNC Request was sent to LeadPoint on their communications portal. Attached hereto as **Exhibit A** is a true and correct of Leadpoint's portal. This Court should take note that while it communicates who they would love to hear from, it says nothing of who may ***not*** use that communication channel.

```
Nathen Barton                                    farmersbranch2014@gmail.com

Hello| you have obtained my number (718) 710-5784.  I do not wish to receive any sales or
marketing calls or text messages or voicemails from you or your clients or your customers or your
affiliates or your partners.  Please place my number (718) 710-5784 in your do-not-call list.
Thank you,
Nathen
```

The record is clear-cut. Forty-four (44) *days* after the DNC Request, Defendant LeadPoint sent Mr. Barton further solicitation text and on April 14, 2021, Reliance Capital initiated a solicitation call to Mr. Barton (**38 *days*** after the DNC Request). The record also reflects that Mr. Barton pointed out that LeadPoint and Reliance placed phone calls to Plaintiff for the next 25 days of the 30-day post DNC Request timeframe which is per se a violation of 47 C.F.R. §64.1200(d)(3). As such, liability is arguably

PLAINTIFF'S REPLY TO DEFENDANTS, LEADPOINT INC. & REILIANCE FIRST CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#76]- PAGE 4 OF 6



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

clear cut and although Mr. Barton's case has been dismissed, Ninth Circuit authority, at the very least, provides a meritorious basis for Mr. Barton's dismissed claims not be construed as "exceptionally frivolous"

In terms of Defendants arguments that Plaintiff phone line was being strictly used for business purposes, Plaintiff has provided filed in conjunction with this Reply his Declaration clearly and unequivocally showing that this line was used for residential purposes. Moreover, as previously addressed, The Federal Trade Commission ("FCC") "*presumes that wireless subscribers who ask to be put on the National Do Not Call Registry are residential subscribers.*" *See, Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195 (D. Mass. 2021); *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189 (D.N.M. 2019); *Mantha v. QuoteWizard.com*, CIVIL 19-12235-LTS (D. Mass. Feb. 3, 2022); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648 (W.D. Tenn. 2020). Because Plaintiff's number was on the DNC, there is a presumption that its use was residential.

In consideration of the totality of these facts and also that the *Van Patten v. Vertical Fitness Group*, LLC, 847 F. 3d 1037, (9th Cir. Jan. 30, 2017) did not limit revocation under the TCPA, an award of attorneys' fees on the basis Mr. Barton's claims were purportedly frivolous would be a manifest injustice in consideration of the facts and the law.

### III.  CONCLUSION

Based on the foregoing, Plaintiff respectfully asks that this Court reconsider its Order and deny granting attorneys' fees to Defendants.

*Respectfully submitted this 6th day of July, 2022.*

**CHUNG, MALHAS & MANTEL, PLLC.**

*/s/ Edward C. Chung*
Edward C. Chung, WSBA # 34292
Attorney for Plaintiff, Nathen Barton

PLAINTIFF'S REPLY TO DEFENDANTS, LEADPOINT INC. & REILIANCE FIRST CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#76]- PAGE 5 OF 6



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

## IV. **DECLARATION OF SERVICE**

I, Edward C. Chung, counsel of record for the Plaintiff, declare under penalty of perjury under the laws of the State of Washington that I caused copies of the foregoing document to be served using the United State District Court Electronic Case Filing ("ECF") System which shall provide automatically a copy to Defendants' counsels of record:

*Respectfully submitted this 6th day of July, 2022.*

>  */s/ Edward C. Chung*
>  Edward C. Chung, WSBA # 34292
>  Attorney for Plaintiff, Nathen Barton

PLAINTIFF'S REPLY TO DEFENDANTS, LEADPOINT INC. & REILIANCE FIRST CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAY 31, 2022, COURT ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DCK#76]- PAGE 6 OF 6



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098