UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN W. BARTON,

        Plaintiff,

   v.

LEADPOINT, INC., et al.,

        Defendants.

CASE NO. 3:21-cv-05372-BHS

ORDER

THIS MATTER is before the Court on Plaintiff Nathen Barton's Amended Motion for Reconsideration, Dkt. 80, of the Court's Order, Dkt. 76, granting Defendant LeadPoint's motion for attorneys' fees, Dkt. 61. Barton argues that his consent to receive calls was effectively revoked and that the Court's reliance on his "TCPA University" website was erroneous because Barton did not operate or authorize that website. The latter argument is based on new evidence.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain

ORDER - 1

and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary (11th ed. 2019).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Barton's motion is ostensibly aimed at the Court's Order awarding attorneys' fees, Dkt. 76, and not the underlying order adopting the R&R and dismissing the case with prejudice, Dkt. 52. Nevertheless, a portion of the motion addresses the viability of his

underlying claims. The Court has addressed and rejected those arguments, both in its original order and in its order denying Barton's prior motion(s) for reconsideration, and those rulings are on appeal. Dkt. 65. The Court will not reconsider its attorneys' fees award based on those arguments.

Barton's June 2022 motion also relies on his new claim that the Court's reliance on "TCPA University" was erroneous, because he now claims that he did not create, run, or use that website; somebody named Diana Bartolme "dreamt it up" without his knowledge. Dkt. 80 at 2. Indeed, he claims that the quotes attributed to him on the TCPA University website were "make believe" and that if he had known about them, he would have asked Bartolme to take them down. *Id*. at 3–4, 11; *see also* Dkt. 80-2 (Barton Declaration).

This recent factual assertion is not persuasive, for several reasons. First, it comes far too late. LeadPoint's February 2022 motion for attorneys' fees cited to TCPA University, Dkt. 61-2 at 104, and pointed out that TCPA University's website (and Facebook page) had been the subject of a "fraud on the court" motion in another Barton TCPA case, *Barton v. Delfgauw et al.*, No. 21-cv-5610 JRC, in January 2022, Dkt. 61-2, ¶ 12. Barton had ample opportunity to explain that he had no connection to that site before the Court ruled on the motion. Instead, he ignored it. *See* Dkt. 74.

Second, Barton's after-the-fact effort to distance himself from TCPA University is not credible. LeadPoint argues and demonstrates that Barton applied for, received, and owns the trademark for TCPA University, and that its purpose is "TCPA and telemarketing consulting." Dkt. 82-5. LeadPoint demonstrates that as late as March 2022,

Barton was using the email address "tcpauniversity@gmail.com" to email his adversary in a different TCPA case:

> **From:** TCPA University <tcpauniversity@gmail.com>
> **Date:** Thursday, March 24, 2022 at 2:53 PM
> **To:** Jeffrey Jeter <jeffrey.jeter@stratahg.com>
> **Subject:** Re: Extension
>
> CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.
>
> Hi Jeffrey,
>
> Certainly, we can move everything.
>
> Nathen

Dkt. 82 at 4; Dkt. 82-10. This too is flatly inconsistent with Barton's claim that he never had anything to do with TCPA University.

LeadPoint has also demonstrated that Barton knew about and commented on the TCPA University Facebook page, which has since been taken down, by someone. Dkt. 82-6. In short, LeadPoint has thoroughly documented Barton's personal involvement with TCPA University, his current protestations notwithstanding. *See generally* Dkt. 82. Barton's newly-minted effort to disavow any connection to TCPA University is unavailing.

Finally, the Court's attorneys' fee award was not based solely on TCPA University. The case was frivolous on its own. Barton invited the calls that were the basis of his suit, and Barton's Motion to Remand was itself frivolous.

Barton's Motion for Reconsideration, Dkt. 80, is **DENIED**. LeadPoint's Motion to Strike, Dkt. 85, is **DENIED** as moot. The matter is closed.

IT IS SO ORDERED.

ORDER - 4

Dated this 29th day of July, 2022.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5